## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01327-NYW

**CO Craft, LLC dba Freshcraft,**

 **Plaintiff,**

**V**

**Grubhub, Inc.,**

 **Defendant**

---

### FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

---

### INTRODUCTION

 Plaintiff CO Craft, LLC, ("Freshcraft") by and through its attorneys ("Plaintiff"), files this First Amended Class Action Complaint against the Defendant Grubhub, Inc. ("Grubhub"), on behalf of itself and on behalf of a class of similarly situated restaurants, and alleges, upon personal knowledge as to its own actions, and upon investigation of counsel as to all other matters, as follows:

### NATURE OF THE ACTION

 1. In the midst of the greatest public health and economic crisis in living memory, Grubhub, one of the largest restaurant delivery services in the United States, is knowingly employing a nationwide false advertising campaign to steer patrons to its

partner restaurants by falsely declaring that its competitors are closed or not accepting online orders when they are in fact open for business.

2. While it is Plaintiff's information and belief that Grubhub's false advertising tactics predate the COVID-19 pandemic, the impact of its nationwide practice is especially damaging to restaurants that are struggling to keep afloat economically during the pandemic.

3. Defendant's uniform conduct is equally applicable to the class. Plaintiff brings this class action against Defendant for its false advertising campaign against its competitors and seeks an order requiring Defendant to, among other things: (1) discontinue its false advertising campaign that suggests competitors' restaurants as closed or not open for online ordering when they are accepting orders and open for business; and (2) pay damages and/or restitution to Plaintiff and Class members.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are numerous class members who are citizens of states different from Defendant. The number of members of the proposed class is in the aggregate greater than 100 and more than two-thirds of the class members reside in states other than the states in which Defendant is a citizen.

5. This Court has personal jurisdiction over Defendant because it conducts significant, substantial, and not-isolated business activities in Colorado and a substantial portion of the acts complained of took place in Colorado.

6. Venue is proper in the United States District Court of Colorado because Defendant conducts business in this District and many of the events that gave rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff is Colorado Limited Liability Company operating as a family owned neighborhood beer bar and restaurant located at 1530 Blake Street in Denver, Colorado 80202.

8. Grubhub Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602.

## GENERAL ALLEGATIONS

9. This action arises from Grubhub's intentional use of a nationwide false advertising campaign that misleads consumers to maximize its profits to the detriment of restaurants that choose not to partner with Grubhub.

10. In the second week of March 2020, COVID-19 was officially declared a pandemic by the World Health Organization. Americans were told to engage in social distancing and many people stopped going out to eat at restaurants, On March 13, 2020 President Trump declared a national emergency as a result of the spread of the COVID-19 virus.

11. By April 6, 2020, 42 states issued stay at home orders which effectively brought the dine-in restaurant experience to a sudden halt.

12. The National Restaurant Association estimates that there are over 1 million restaurants in the United States. Prior to the Covid-19 pandemic, the 2020 Industry sales projection was $899 billion with a total economic impact of the restaurant industry at more than $2.5 trillion. Before the Covid-19 pandemic, it was predicted that orders placed via smartphone or mobile apps would become a $38 billion industry in 2020. Obviously that number is now higher. https://www.restaurant.org/research/restaurant-statistics/restaurant-industry-facts-at-a-glance.

13. Many restaurants began offering their menus for delivery. According to Eater, an online food and dining network, Yelp saw a sizable interest shift from dine-in options to delivery and takeout during that time. (FN https://www.eater.com/2020/3/24/21184301/restaurant-industry-data-impact-covid-19-coronavirus).

14. Consumer spending on meal delivery services was up 70% year-over-year in the last week of March. (https://www.barrons.com/articles/food-delivery-from-doordash-uber-eats-and-grubhub-is-soaring-because-of-covid-19-51587752806).

15. Grubhub is one of the largest meal delivery services in the United States. On March 27, 2020, Grubhub posted a new advertisement to its Youtube channel that was also broadcast across the country on different media platforms. That ad stated "Restaurants are our family, the cornerstone of our communities, and our family needs help. Right now they are facing a crisis. And they are counting on your takeout and delivery orders to help them through. Because if we don't treat restaurants like family today, they might not be around to treat us like family tomorrow. Grubhub, together we can help save the restaurants we love." https://www.youtube.com/watch?v=SkKct-8TrBc.

16.     While Grubhub was promoting a message of unity and suggesting that people would be helping their favorite restaurants by ordering carry out and by using Grubhub's delivery services, Grubhub continued to employ a false advertising campaign that purposefully led consumers to believe that its competitors were closed or not accepting online orders when they were.

17.     For most restaurants in major metropolitan cities, Grubhub has spent time and effort to create restaurant landing pages with menu items for all restaurants, including those that do not do business with Grubhub that can be accessed through its different platforms.

18.     Grubhub intentionally constructs the metadata of these restaurant landing pages so that Google search results prioritize Grubhub-created landing pages constructed with the following template: "[Restaurant] delivery" will identify the Grubhub landing site created for that restaurant and advertise that "Order delivery or pickup from [Restaurant] in [City]! View [Restaurant]'s [Month,Year] deals and menus. Support your local restaurants with Grubhub!"

19.     A Google search for Plaintiff's restaurant online, more specifically, "Freshcraft delivery" brings the following Grubhub restaurant landing page as the first listing on Google search results, even before the restaurant's own website:



20.     The metadata on the listing advertises to the potential consumer: "Order delivery or pickup from Freshcraft in Denver! View Freshcraft's March 2020 deals and menus. Support your local restaurants with Grubhub!"

21.     Clicking the listing on a webpage browser brings the potential consumer to the Grubhub landing page where they are told: "This restaurant is not taking online orders. Try a similar restaurant nearby." The potential consumer is then directed towards one of several Grubhub partners so that Grubhub can steer consumers to restaurants who produce revenue for Grubhub by using their delivery service.



22. Similarly, clicking on that same link in a mobile browser will automatically open the Grubhub Application if the user has it downloaded, and prominently display that the restaurant is "Closed."



23.     This online advertisement falsely claims that Freshcraft is closed when it is not. In reality, Freshcraft is not only open, but also delivering its food to its customers using a different delivery platform. Freshcraft does not work with Grubhub and does not plan on contracting with their delivery or online ordering services.



24. Erik Riggs has owned Freshcraft since 2019. The restaurant is situated in Denver's lower downtown neighborhood. Rent in that neighborhood is very high and Freshcraft is doing everything it can to survive the Covid-19 pandemic. Since dining-in is not an option for Freshcraft, the revenue garnered from orders requesting delivery are the only way the restaurant can generate revenue to stay in business.

25. Grubhub has willfully and knowingly employed its online false advertising campaign to the detriment of its competitors. It is Plaintiff's information and belief that a search for many restaurants that do not use Grubhub's delivery service across the country provides the same results. Grubhub is purposefully listing restaurants as closed or not taking online orders even though that is completely false.

26. Grubhub did not contact Plaintiff to determine if Freshcraft was open or delivering before falsely advertising to unwitting consumers that Freshcraft was closed. Grubhub.

27. Grubhub's intentional and willful false advertising campaign is not limited to mom and pop restaurants; it has also been used on popular, nationwide restaurant chains.

28. A Google search for a popular restaurant with hundreds of locations brings up a Grubhub listing in the results with the address of the nearest location. Clicking on the link in a mobile browser will automatically open the Grubhub App, if the user has it downloaded, and prominently display that the restaurant is "Closed."

29. Performing the same search on a computer as opposed to a mobile device will display that the message that the restaurant is not taking online orders and direct the consumer to other restaurants that do contract with Grubhub.

30. Again, a direct search of the restaurant where the user follows a direct link to the restaurant's webpage reveals that the restaurant is in fact open for business. The restaurant is open for pickup and delivery, just not through Grubhub.

31. The false messages informing customers thar the restaurants are closed or not taking online orders are posted intentionally, fraudulently and with conscious disregard for the truth of whether the restaurant is actually closed, whether it is open for takeout, or whether it is supplying delivery orders with a Grubhub competitor.

32. Grubhub benefits economically from its willful and false advertising campaign as consumers are steered to restaurants that use Grubhub's delivery service. The wilfullness of Grubhub's false advertising campaign is established by the fact that

only restaurants that do not partner with it are falsely advertised as being closed or not accepting online delivery orders when they are in fact open for business.

33. Grubhub's willful and false advertising campaign has directly harmed its competitors; restaurants that choose to offer their own delivery or use another delivery service that is not Grubhub.

## CLASS ALLEGATIONS

34. Plaintiff brings this class action under Rule 23 and seeks certification of the claims and issues in this action pursuant to the applicable provisions of Rule 23. The proposed class is defined as:

> All restaurants in the United States or territories that were listed or otherwise included by Grubhub on Grubhub platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub platforms at any time from May 11, 2016, to the present. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of either Defendant; (b) governmental entities; and (e) the Court, the Court's immediate family, and Court staff.

35. Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

36. Numerosity. Fed. R. Civ. P. 23(a)(1). Defendant is one of the largest food delivery services in the country. There are more than one million restaurants in the United States. At a minimum, there are tens of thousands of Class Members but very likely many more. The exact size of the proposed class and the identity of all class members can be readily ascertained from Defendant's records.

37. Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. Common issues include:

    a) Whether Defendant's advertising campaign was targeted at restaurants that did not have a contract with Grubhub;

    b) Whether Defendant purposefully and knowingly created landing pages to falsely advertise its customers' competitors' services to derive a financial benefit for it and its customers;

    c) Whether Defendant is required to compensate the restaurants that suffered as a result of Defendant's advertising campaign that rerouted potential consumers to restaurants that do contract with Grubhub.

38. The nature of the relief, including equitable relief, to which Plaintiff and the class are entitled.

39. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class it seeks to represent. Plaintiff and all Class members similarly suffered from Defendant's willful and false advertising campaign that deprived them of revenue from consumers.

40. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Further, Plaintiff's counsel is competent and experienced in litigating class actions.

41. Superiority. Fed. R. Civ. P. 23(b)(3). A class action is superior to any other available means for the fair and efficient adjudication of this controversy. The claims of Plaintiff and individual class members are small compared to the burden and expense

that would be required to separately litigate their claims against Defendant, and it would be impracticable for class members to seek redress individually. Litigating claims individually would also be wasteful to the resources of the parties and the judicial system and create the possibility of inconsistent or contradictory judgments. Class treatment provides manageable judicial treatment which will bring an orderly and efficient conclusion to all claims arising from Defendant's misconduct. Class certification is therefore appropriate under Rule 23(b)(3).

42. Class certification is also appropriate under Rule 23(b)(1), as the prosecution of separate actions by individual members of the class would create the risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and substantially impair their ability to protect those interests.

43. Class certification is also appropriate under Rule 23(b)(2), as Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class.

## FIRST CAUSE OF ACTION
### False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a))

44. Plaintiff incorporates herein all allegations set forth above.

45. Upon information and belief, Defendant has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their services and the services of many restaurants, including those of the Plaintiff.

46. These commercial advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others:

   a. Advertising that consumers can use Grubhub to order delivery or pickup from restaurants and/or omitting that Grubhub is not contracted or authorized to do so.

   b. Advertising that consumers can use Grubhub to find monthly deals for restaurants and/or omitting that Grubhub is not authorized to and does not actually display any monthly deals from these restaurants.

   c. Providing false information about the status of restaurants as "Closed" or "Not currently taking online orders" and/or omitting that those restaurants are open and taking online orders outside the Grubhub platform.

47. With thousands of restaurants affected nationwide by Grubhub, a publicly traded company, these false advertisements have a profound effect on interstate commerce.

48. The above referenced false advertisements are material because they are likely to influence the ordering decisions of potential consumers to whom they are advertised.

49. Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the ordering decisions of Plaintiff's customers and potential customers.

50. These statements are likely to cause Plaintiff injury because once a potential customer believes that Plaintiff's restaurant is closed and not taking online orders, that customer is:

   a) Less likely to ever seek food delivery or takeout from Plaintiff, believing that the restaurant is closed and not taking online orders; and

   b) More likely to spend money with competing restaurants that Grubhub identifies as open and taking online orders instead.

51. Defendant's false and misleading advertising statements and omissions injure both consumers and the restaurants.

52. Defendant's false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

53. Defendant has caused, and will continue to cause, immediate and irreparable injury to Plaintiffs, including injury to their business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiffs are entitled to an injunction under 15 U.S.C. §1116 restraining Defendant, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

54. Pursuant to 15 U.S.C. §1117, Plaintiffs are entitled to recover from Defendant the damages sustained by Plaintiffs as a result of Defendant's acts in violation of the Lanham Act 15 U.S.C. § 1125(a). Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts.

55. Pursuant to 15 U.S.C. §1117, Plaintiffs are further entitled to recover from Defendant the gains, profits and advantages that they have obtained as a result of

Defendant's acts. Plaintiffs are at present unable to ascertain the full amount of the gains, profits and advantages Defendant has obtained by reason of its acts.

56. Pursuant to 15 U.S.C. §1117, Plaintiffs are further entitled to recover the costs of this action. Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this a case entitling Plaintiff to recover a multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the class of similarly situated individuals, requests the Court to:

1. Certify the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, designate Plaintiff as representative of the class and designate counsel of record as class counsel;

2. Order Defendant to provide actual damages and equitable monetary relief (including restitution) to Plaintiff and class members and/or order Defendant to disgorge profits they realized as a result of their unlawful conduct;

3. Awarding treble damages pursuant to the Lanham Act;

4. Declare Defendant's conduct unlawful and enter an order enjoining Defendant from continuing to engage in the conduct alleged herein;

5. For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded;

6. For costs of the proceedings herein;

7. For reasonable attorneys' fees as allowed by law; and

8.  Award such other relief as the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff, on behalf of itself and the Class of all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  January 29, 2021                                    Respectfully submitted,

          THE LAW OFFICES OF ROSS ZIEV, P.C.

By:   /s/ Ross Ziev
       Ross Ziev, #43181
       6795 East Tennessee Avenue,
       Suite 210
       Denver, CO  80224
       Phone: (303) 351-2567
       Fax: (720) 669-6992
       ross@helpincolorado.com

LIDDLE & DUBIN, P.C.

By:   /s/ Laura L. Sheets
       Laura L. Sheets, #P63270 (Pro Hac Application to be Submitted)
       975 East Jefferson Avenue
       Detroit, Michigan  48207
       Phone: (313) 392-0015
       Fax: (313) 392-0025
       lsheets@ldclassaction.com

*Attorneys for Plaintiff and the Putative Class*