**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01327

CO Craft, LLC dba Freshcraft,

    Plaintiff,

v.

Grubhub Inc.,

    Defendant.

---

**OPPOSITION TO MOTION TO INTERVENE**

---

COZEN O'CONNOR
Michael W. McTigue Jr.
Meredith C. Slawe
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
mmctigue@cozen.com
mslawe@cozen.com

Jean Marie French
707 17th Street, Suite 3100
Denver, CO 80202
Telephone: (720) 479-3860
Facsimile: (720) 459-6134
jfrench@cozen.com

*Attorneys for Defendant Grubhub Inc.*

Defendant Grubhub Inc. ("Grubhub") submits its Opposition to the Motion to Intervene ("Motion") filed by non-parties Lynn Scott, LLC and The Farmer's Wife, LLC ("Movants"), Dkt. No. 40. For the reasons set forth herein, the Motion should be denied.

## **INTRODUCTION**

This action was filed on May 11, 2020. After an exchange of information and documents and months of arm's-length negotiations, Plaintiff CO Craft, LLC ("Freshcraft") and Grubhub have reached a class-wide settlement ("Settlement"), subject to this Court's approval. *See* Stipulation and [Proposed] Order re: Settlement ("Stip.") at 1, Dkt. No. 36. The proposed Settlement was reached after three full-day mediation sessions and subsequent negotiations facilitated by the Honorable Diane M. Welsh (Ret.), a well-respected mediator with Judicial Arbitration and Mediation Services, Inc. ("JAMS"). *Id.* at 1. Freshcraft will file a Motion for Preliminary Approval no later than April 16, 2021, which will include the terms of the Settlement. Order, Dkt. No. 38.

More than five months after this action was filed, Movants filed a competing putative nationwide class action in the U.S. District Court for the Northern District of Illinois, captioned *Lynn Scott, LLC v. Grubhub Inc.*, No. 20-6334 (N.D. Ill.). That action has been stayed pending this Court's review of the Settlement. *See* Mem. Op. & Order ("Stay Order") at 9, *Scott*, No. 20-6334 (N.D. Ill. Mar. 22, 2021), Dkt. No. 22.[1] The *Scott* court found "sufficient overlap" between the actions to justify a stay and concluded a stay "is unlikely to prejudice [Movants], and would

---

[1] This Stay Order is attached as Exhibit 1 to Movants' Notice of Supplemental Authority, Dkt. No. 43-1, filed with this Court on March 23, 2021. Movants' notice does not comply with this Court's Practice Standards § III.K.

1

minimize the burden upon the parties." *Id.* at 9.  Movants now seek to intervene in this action to conduct discovery into "the fairness of the Settlement negotiated on their behalf."  Motion at 1.  The Motion should be denied for at least four reasons.

First, intervention is untimely, unnecessary, and prejudicial to the existing parties.  Movants have not requested, reviewed, or otherwise have any knowledge of the terms of the Settlement.  They have curiously raised their purported need to intervene irrespective of the Settlement terms and only after the parties engaged in months of arm's-length negotiations.  Intervention would only serve to prejudice these extensive settlement efforts.  After their review of those terms and at the appropriate time, Movants will have the opportunity to decide whether they wish to object to the Settlement.

Second, Movants have not identified any impairment to their interests.  Movants do not know how their pending claim in *Scott* will be affected by the Settlement, and they will have an opportunity to object to the Settlement at the appropriate time.  Movants seem disinterested in how the Settlement will affect their individual claim, as they seek to intervene only to ensure they can pursue **class-wide relief**.  This is not a proper ground for intervention.

Third, Movants are adequately represented by Freshcraft in connection with the Settlement.  Movants' mere speculation regarding the Settlement terms and their unfounded and baseless accusations about Freshcraft and its counsel do not satisfy the requisite "concrete showing" that Movants' interests are inadequately represented in this action.

Fourth, permissive intervention at this stage will not serve the interests of the Settlement class, as it would serve only to unduly delay this Court's review of the Settlement.

The Motion should be denied.

## BACKGROUND

### I.   This Action

On May 11, 2020, Freshcraft filed this putative nationwide class action asserting a single claim against Grubhub under the Lanham Act. Compl. ¶¶ 44–56, Dkt. No. 1. Freshcraft alleges that Grubhub created pages on its platforms for restaurants that, like Freshcraft, "do not do business with Grubhub." Am. Compl. ¶¶ 17, 23. Freshcraft further claims that these pages contained "misleading statements . . . regarding [Grubhub's] services and the services of many restaurants," including "that consumers can use Grubhub to order delivery or pickup from restaurants [while] omitting that Grubhub is not contracted or authorized to do so," and that "restaurants a[re] 'Closed' or 'Not currently taking online orders'" when they are open. *Id.* ¶¶ 23, 45–46. According to Freshcraft, these alleged practices were misleading and "likely to influence the ordering decisions of potential consumers," thereby causing "injury to [restaurants'] business, reputation, and goodwill." *Id.* ¶¶ 48–49, 53.

Based on these allegations, Freshcraft seeks to represent a putative nationwide class of restaurants that were similarly "listed or otherwise included by Grubhub on Grubhub platforms that did not have an unterminated . . . agreement to be listed or otherwise included on Grubhub platforms." *Id.* ¶ 34. Freshcraft seeks injunctive relief on behalf of this class that would restrain Grubhub "from engaging in further acts of false advertising, and ordering removal of all [of] Defendant's false advertisements" alleged in the action. *Id.* ¶¶ 53–54.

### II.   After Extensive Negotiations, Including Three Full-Day Mediation Sessions, the Parties Agreed to a Class-Wide Settlement

Freshcraft and Grubhub agreed to engage in settlement discussions in August 2020. Stip. at 1. To further these efforts, the parties retained the services of Judge Welsh, a well-respected

3

mediator with JAMS. *Id.* Over several months, the parties exchanged documents and information, actively engaged in settlement discussions, and participated in three separate day-long virtual mediation sessions facilitated by Judge Welsh, each of which ended without resolution. *Id.* The parties continued their active settlement discussions and, with the assistance of Judge Welsh, subsequently reached a Settlement. *Id.* Freshcraft filed a stipulation on February 24, 2021, advising this Court of the Settlement, Dkt. No. 36, and will file a Motion for Preliminary Approval by April 16, 2021. Order, Dkt. No. 38.

## III.  The *Scott* Action

On October 26, 2020—more than five months after Freshcraft initiated this action—Movants commenced their overlapping putative nationwide class action arising from the same alleged practices at issue here. Like Freshcraft, Movants purport to assert a single cause of action against Grubhub under the Lanham Act. *Scott*, Compl. ¶¶ 107–12.[2] And like Freshcraft, Movants claim that Grubhub "add[ed] unaffiliated restaurants to its platform" in a manner that was "inaccurate," "out-of-date," and "misleading [to] consumers, who reasonably believe the restaurants have partnered with Grubhub." *Id.* ¶¶ 34–35, 87, 92. Also like Freshcraft, Plaintiffs seek "injunctive relief . . . requiring Grubhub to take appropriate affirmative steps to avoid customer confusion." *Id.* ¶¶ 111–12. Grubhub disputes that any consumer has been misled or that Freshcraft or Movants have otherwise been injured in any way.

On March 22, 2021, the U.S. District Court for the Northern District of Illinois stayed *Scott* in light of the "overlap [between the actions] and the fact that [this action] may be settled in the near future." Stay Order at 10. In granting the stay, the court recognized that both actions concern

---

[2]  Movants' complaint in *Scott* is attached as Exhibit A to the Motion, Dkt. No. 40-1.

4

"whether consumers are likely to be confused by Grubhub's alleged inclusion of unaffiliated restaurants on its platform," and further that "both suits seek injunctions preventing Grubhub from putting false information on its platform." *Id.* Because "both suits complain of some of the same misconduct, and the Colorado Action may be closer to resolution than this case," the court concluded "a limited stay of these proceedings has the potential to streamline this action, is unlikely to prejudice [Movants], and would minimize the burden upon the parties and the court by avoiding duplicative and inconsistent litigation." *Id.* at 9.

## ARGUMENT

### I. Movants May Not Intervene as of Right

#### A. Standard

Under Federal Rule of Civil Procedure 24(a)(2), a non-party may move to intervene as a matter of right if—**and only if**—it can show "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (alterations in original) (citation omitted). "The central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc).

#### B. Movants' Delay Was Purely Tactical and Unjustified in Light of the Resulting Prejudice to the Parties

The timeliness of a motion to intervene is determined "in light of all of the circumstances." *Tyson Foods*, 619 F.3d at 1232. Three factors, however, dominate the analysis: "[ (1) ] the length of time since the [movant] knew of [its] interests in the case; [ (2) ] prejudice to the existing parties;

5

[and (3) ] prejudice to the [movant]." *Id.* (alterations in original) (citation omitted). A movant's speculation as to the "possibility of prejudice" is insufficient to outweigh the prejudice of adding an additional party after litigation has progressed. *Id.* at 1238.

Movants claim they "acted quickly after learning the grounds for intervention" when "Freshcraft expanded its proposed class definition to encompass Movants." Motion at 8–9. Freshcraft, however, filed its original complaint nearly a year ago, on May 11, 2020, raising similar allegations on behalf of a putative class. *See* Compl. ¶¶ 17, 23, 45–46. The U.S. District Court for the Northern District of Illinois has since confirmed that this action and *Scott* seek to address overlapping issues and relief. *See* Stay Order at 9–10. Indeed, only now that Freshcraft and Grubhub are poised to resolve certain claims do Movants seek to intervene and disrupt the Settlement, even though they do not know (and have not asked about) the Settlement terms. Movants' statement also rings hollow for reasons set forth below.

The parties to this action expended significant time and resources negotiating and finalizing terms of a class-wide resolution that will provide significant benefits to the putative class. Intervention at this stage will only serve to disrupt this Court's review of the Settlement terms. Courts have found motions to intervene under similar circumstances to be untimely and improper, particularly where, as here, a movant's "concerns c[an] largely be addressed through the normal objection process." *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015); *see also In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-2247, 2012 WL 2325798, at *3 (D. Minn. June 19, 2012) (prejudices weighed "strongly in favor of denying intervention" where class "settlement parties . . . would be prejudiced by an expensive, time-consuming delay, additional discovery, and by restarting or revisiting settlement negotiations"), *aff'd*, 716 F.3d 1057 (8th Cir.

6

2013); *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000) ("We have affirmed a denial of a motion to intervene where granting intervention would have jeopardized a settlement.").[3]

Movants do not disclaim prior knowledge of this action or Freshcraft's class allegations. Yet rather than timely move to intervene—whether by permission or as of right—Movants chose instead to file a competing putative nationwide class action in another court. This seems to be a standard practice by Movants' counsel, Gibbs Law Group ("Movants' Counsel"). In the last year alone, Movants' Counsel has filed **at least nine other copy-cat or tag-along proposed class actions** raising the same or similar claims and allegations that were already asserted by litigants represented by other plaintiffs' counsel. *See, e.g.*, *Williams v. Midwestern Pet Foods, Inc.*, No. 21-22 (S.D. Ind. Jan 28, 2021); *Gamble v. Google LLC*, No. 20-7984 (N.D. Cal. Nov 12, 2020); *Bess v. Frontier Airlines, Inc.*, No. 20-1837 (D. Colo. Jun 22, 2020); *Malachowsky v. Vail Resorts, Inc.*, No. 20-1529 (D. Colo. May 28, 2020); *Blum v. Alterra Mountain Co.*, No. 20-1520 (D. Colo. May 28, 2020); *M.E. v. TikTok, Inc.*, No. 20-3555 (N.D. Cal. May 27, 2020); *Ambrosia Indy LLC v. Soc'y Insur. Mut. Co.*, No. 20-771 (E.D. Wis. May 21, 2020); *John v. Clearview AI, Inc.*, No. 20-3481 (S.D.N.Y. May 4, 2020); *Kopfmann v. StubHub, Inc.*, No. 20-3025 (N.D. Cal. May 1, 2020). Movants' Counsel has repeatedly employed a strategy of filing duplicative actions in an effort to wrest control of already-filed litigation.

---

[3] Movants' reliance on *Guardians v. Jewell* (Motion at 8–9) is misplaced. *Guardians* was not a proposed class action, there was no objection to timeliness, and, in any event, the proposed intervenors filed their motions to intervene within three months of the complaint being filed. No. 15-2026, 2016 WL 660123, at *2 (D. Colo. Feb. 18, 2016).

### C. Movants' Interests Will Not Be Impaired

Without any basis, Movants argue that "their ability to obtain adequate relief in the *Lynn Scott* case would be severely compromised" if not permitted to intervene. Motion at 9. This argument fails for at least three reasons.

First, Movants do not know the terms of the Settlement, have not requested any information about the Settlement, and have no understanding of how the Settlement will impact their interests or their ability to pursue their claim in the *Scott* action. Their request to intervene absent any knowledge of the Settlement is striking.

Second, Movants acknowledge that they are not seeking to intervene to protect **their own** interests, but rather to protect their ability to pursue their own class-wide settlement. *See id.* But to intervene as of right, a movant must show an impairment to a "'direct, substantial, and legally protectable'" interest it has in the proceeding. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (citation omitted). A contingent interest in the litigation of another's rights cannot support intervention. *See City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996). Here, Movants do not argue that the Settlement will prevent them from pursuing any **individual** claim. Rather, Movants seek to intervene to protect their ability to secure a recovery **on behalf of others**. *See* Motion at 9. Such an interest is neither direct nor legally protected.

Third, upon review, Movants may seek to object to the Settlement under Federal Rule of Civil Procedure 23(e). *Cf. Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010) ("Under Rule 23(e), a district court acts as a fiduciary, guarding the claims and rights of the absent class members."). Indeed, district courts throughout this circuit have found a class settlement does not

impair the interests of absent class members who retain the ability to object. *See, e.g.*, *In re Samsung Top-Load Washing Mach. Mktg., Sales Practices & Prod. Liab. Litig.*, No. 17-2792, 2018 WL 3676971, at *4 (W.D. Okla. Aug. 2, 2018); *Harper v. C.R. England, Inc.*, No. 16-906, 2016 WL 7190560, at *2 (D. Utah Dec. 12, 2016), *vacated and remanded on other grounds*, 746 F. App'x 712 (10th Cir. 2018); *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-1840, 2011 WL 5331678, at *3 (D. Kan. Nov. 4, 2011). Courts in other circuits have reached the same conclusion.[4]

On December 12, 2019, Movants' Counsel filed a similar motion to intervene in *Marciano v. DoorDash, Inc.*, No. CGC-18-567869 (Cal. Super. Ct.), "to protect [movant's] interests from being harmed by the [class] settlement before the Court." Mem. P. & A. Sup. Mot. Intervene at 2, *id.*, attached as Exhibit A.[5] The court denied Movants' Counsel's motion as "premature" because the settlement had not yet been preliminarily approved. Order at 5, *Marciano*, No. CGC-18-567869 (Cal. Super. Ct. June 30, 2020), attached as Exhibit B. The court further noted that the movant's "interests will be adequately protected in the settlement approval process," as "[he] will have the opportunity to opt out of the settlement or object to the settlement at the final approval hearing and may preserve his right to appeal by filing a motion to set aside the judgment." *Id.* at

---

[4] *See, e.g.*, *Grilli v. Metro. Life Ins. Co.*, 78 F.3d 1533, 1536 (11th Cir. 1996); *Zepeda v. PayPal, Inc.*, No. 10-2500, 2014 WL 1653246, *6 (N.D. Cal. Apr. 23, 2014); *Calibuso v. Bank Am. Corp.*, No. 10-1413, 2013 WL 5532631, at *3 (E.D.N.Y. Oct. 4, 2013); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011).

[5] At the time, Movants' Counsel represented hundreds of similarly situated class members, including two in then-pending litigation. *See id.* at 3; *Wass v. DoorDash, Inc.*, No. 19-4637 (N.D. Cal.); *Harriman v. DoorDash, Inc.*, No. 19-6411 (N.D. Cal.). While the motion was pending, Movants' Counsel, consistent with their practices, filed a further substantially similar, putative nationwide class action, despite the pending global settlement. *See Linn v. DoorDash, Inc.*, No. 20-666 (N.D. Cal. Jan. 29, 2020).

5–6. The court was unpersuaded by Movants' Counsel's recasting of the motion as one for "intervention inquiry," as it was plain the purpose of the motion was to "challeng[e] the settlement." As a movant "is not entitled to mandatory intervention on that basis," the court denied the motion.[6] The same result is warranted here.

### D. Freshcraft Has Adequately Represented Movants' Interests in Connection With the Settlement

Likewise, Movants have failed to demonstrate that their "interest[s] [are] not adequately represented by existing parties." *Tyson Foods*, 619 F.3d at 1231. Where, as here, "the objective of the applicant for intervention" is shared by a party to the action, representation is presumed adequate and the movant must make "'a concrete showing'" of inadequacy to justify intervention. *Tri-State Gen. & Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1072–73 (10th Cir. 2015) (citations omitted). Competing motivations or incentives will not disrupt this presumption so long as the parties' ultimate "objectives are the same" in the litigation. *See id.*; *Statewide Masonry v. Anderson*, 511 F. App'x 801, 806–07 (10th Cir. 2013). The presumption of adequacy is particularly appropriate where proposed intervenors have filed a competing or overlapping class action. *See, e.g.*, *In re Samsung*, 2018 WL 3676971, at *4.[7]

---

[6] The *Marciano* court also denied permissive intervention, as allowing intervention "would likely delay the settlement approval proceedings and increase litigation costs without a corresponding benefit" and "[movant's] interest will be adequately protected in the settlement approval process." *Id.* at 6.

[7] Even where the presumption of adequacy does not attach, nothing "obviate[s] the movant's burden of demonstrating the requirements set forth in Fed. R. Civ. P. 24(a)(2)." *Id.* at *2; *see also Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984) ("However 'minimal' [a movant's] burden may be, it cannot be treated as so minimal as to write the requirement completely out of the rule.").

Movants share Freshcraft's ultimate objective in this litigation. As the *Scott* court recognized, Freshcraft and Movants both contend "consumers are likely to be confused by Grubhub's alleged inclusion of unaffiliated restaurants on its platform." Stay Order at 10. Further, both actions seek redress for such alleged confusion, including through "injunctions preventing Grubhub from putting false information on its platform." *Id.* Differences in theories of relief or class composition do not change this ultimate shared objective. *See Hershey v. ExxonMobil Oil Corp.*, 278 F.R.D. 617, 621 (D. Kan. 2011) (presuming adequacy because, "[w]hile there are important distinctions between the two actions, the plaintiff classes in both actions share a common interest in maximizing recovery against the defendant").

Movants nonetheless argue that their interests are not adequately represented because (a) Freshcraft amended its class definition; (b) the parties were able to reach a settlement without significant in-court litigation; and (c) the parties have not filed a related-case notice pursuant to D.C. Colo. L. Civ. R. 3.2(a). Motion at 10–11. Each of these arguments falls far short of the "concrete showing" required to justify intervention.

It was entirely proper for Freshcraft to amend its class definition during its ongoing investigation. Freshcraft's allegations have always presumed class members would, like Freshcraft, lack a present contractual relationship with Grubhub. *See* Compl. ¶¶ 17, 23, 45–46 (alleging Grubhub falsely advertised "consumers can use Grubhub to order delivery or pickup from restaurants [while] omitting that Grubhub is not contracted or authorized to do so"). Clarifying the scope of the class ensured that similarly situated entities would have the opportunity to benefit from—or object to—the Settlement.

11

*Ross v. Convergent Outsourcing, Inc.*, which was cited by Movants, is not to the contrary. *Ross* concerned the preliminary0 approval of a class settlement under the Fair Debt Collection Practices Act ("FDCPA"). 323 F.R.D. 656, 658 (D. Colo. 2018). Initially limited to Colorado residents, the parties' settlement agreement expanded the class to capture multiple actions pending nationwide. *Id.* But because the FDCPA imposes a per-suit cap on class damages, combining these separate actions under one settlement substantially reduced defendant's exposure while resulting in little to no actual recovery for each individual class member. *Id.* at 660–61. This "diluting [of] the original Colorado class members' potential recovery"—not the expansion of the class *per se*—led the court to deny preliminary approval without prejudice. *Id.* at 660–63.

Further, it is often in a putative class's best interest to resolve disputes without engaging in formal litigation or discovery. As Movants' attorney acknowledged elsewhere, "[s]ettlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation." Pls.' Mot. Prelim. Approval at 17, 32, *In re TikTok, Inc., Consumer Priv. Litig.*, No. 20-4699 (N.D. Ill. Feb 25, 2021) (citation omitted) (E. Fegan on brief) (seeking approval of multidistrict class settlement upon limited confirmatory discovery), Dkt. No. 122. Indeed, Movants' Counsel promotes itself as "often obtaining advantageous settlements that **benefit both the class and the interests of judicial economy**" and as "endeavor[ing] to position cases for **efficient and meaningful settlements whenever possible**." Gibbs L. Grp.'s Mot. Appointment Interim Class Counsel at 1, 4, *In re Frontier Airlines Litig.*, No. 20-1153 (D. Colo. Oct. 1, 2020) (emphases added), Dkt. No. 46. The important consideration is not how much discovery has been taken, or whether issues have been litigated, but rather whether "the 'parties have sufficient information to make an informed decision about settlement.'" Pls.' Reply Mem. Sup. Mot. Final

12

Approval at 10, *Joh v. Am. Income Life Ins. Co.*, No. 18-6364 (N.D. Cal. Dec. 12, 2019) (citation omitted) (S. Tindall on brief), Dkt. No. 50; *see also* Pls.' Notice Mot. & Mot. Prelim. Approval at 17, *Joh*, No. 18-6364 (N.D. Cal. Aug. 1, 2019) (moving to approve class settlement pre-answer based on limited "mediation discovery"), Dkt. No. 39; Pls.' Notice Mot. & Mot. Prelim. Approval at 16, *In re Hyundai Sonata Engine Litig.*, No. 15-1685 (N.D. Cal. Apr. 14, 2016) (seeking approval of pre-answer class settlement based on "confirmatory discovery" during settlement negotiations), Dkt. No. 57.[8]

Finally, it is of no moment that a notice of related case was not filed with this Court. The purpose of D.C. Colo. L. Rev. R. 3.2(a) is to allow a court to, "in its discretion, assign a later-filed 'related' case to the judicial officer assigned to the earlier-filed one." *Roe v. Minguela*, No. 16-2744, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018). This is merely a matter of intra-district judicial administration. *See* D.C. Colo. L. Rev. R. 3.2(d).

## II.     Permissive Intervention Should Be Denied

On "timely application,"[9] a court may, in its discretion, grant a request to intervene if the potential intervenor can show it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). In exercising this discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Kane Cty., Utah v. United States*, 597 F.3d 1129, 1135 (10th Cir. 2010).

The parties will be prejudiced if Movants are permitted to intervene. Movants waited until after a settlement was announced to bring this Motion, thereby "threaten[ing] to thwart the

---

[8]     Copies of these briefs are attached hereto as Exhibits C through G.

[9]     As already set forth, Movants' application is not timely, and for that reason alone they cannot be permitted to intervene.

13

parties' . . . interest in progressing with the Settlement [they] have spent months . . . negotiating." *Calibuso*, 2013 WL 5532631, at *3. Movants should not be permitted to "derail the settlement process." *Id.*

Permissive intervention is likewise inappropriate where the proposed intervenor "has other adequate means of asserting its rights." *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) (finding, in such cases, "motion for permissive intervention would appear to be almost untenable on its face"). Hence, courts regularly decline to permit absent class members to intervene where they had or will have "an opportunity to state their objections before the Court." *Holocaust Victim Assets Litig.*, 225 F.3d at 202; *see also, e.g.*, *Harper*, 2016 WL 7190560, at *2; *In re Motor Fuel*, 2011 WL 5331678, at *2; *cf. Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975) (affirming denial of permissive intervention where movant could participate as *amicus curiae*). And the Tenth Circuit has repeatedly affirmed the denial of permissive intervention where the movant is adequately represented by the named plaintiffs. *See Tri-State Gen.*, 787 F.3d at 1075 (citing *Ozarks*, 79 F.3d at 1043).

Movants nonetheless argue intervention should be permitted to allow them discovery in aid of this Court's preliminary review of the Settlement. Motion at 12. The standard for permissive intervention, however, is not whether intervention will aid the Court, but whether the parties will be unduly delayed or prejudiced. Indeed, as one court has observed, "[d]ue to the potential for undermining the settlement process, absent some **evidence** of collusion in the settlement negotiations, **courts disfavor motions to intervene to conduct discovery**." *In re Motor Fuel*, 2011 WL 5331678, at *2 (emphases added); *see also Lane v. Facebook, Inc.*, No. 08-3845, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009). Intervention here would needlessly

14

slow the settlement process and "clutter the action." *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992); *see also Holocaust Victim Assets Litig.*, 225 F.3d at 202 (affirming denial of permissive intervention where "intervention would prejudice the adjudication of the rights of the existing parties by destroying their Settlement"). The Motion should therefore be denied, and Movants should review the Settlement and consider whether they wish to object at the appropriate time.[10]

## CONCLUSION

For the foregoing reasons, Grubhub respectfully requests that the Motion be denied.

Dated:  April 7, 2021

COZEN O'CONNOR

 */s/ Michael W. McTigue Jr.*
Michael W. McTigue Jr.
Meredith C. Slawe
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
mmctigue@cozen.com
mslawe@cozen.com

Jean Marie French
707 17th Street, Suite 3100
Denver, CO 80202
Telephone: (720) 479-3860
Facsimile: (720) 459-6134
jfrench@cozen.com

*Attorneys for Defendant Grubhub Inc.*

---

[10]   *Malcolm v. Reynolds Polymer Technology, Inc.*, cited by Movants (Motion at 12), is not on point. *Malcolm* was not a class action, and did not involve a pending settlement. To the contrary, at the time of intervention, the litigation was in the midst of discovery, which itself had been both temporarily stayed and extended by the parties. No. 17-2835, 2018 WL 6695921, at *6 (D. Colo. Dec. 20, 2018) (Martinez, J.).

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all current counsel of record. Pursuant to D.C. Colo. L. Civ. R. 6.1(c), I hereby certify that I also served a copy of this motion on my client.

/s/ *Michael W. McTigue Jr.*
Michael W. McTigue Jr.