**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01327

**CO Craft, LLC dba Freshcraft,
on behalf of itself and all other similarly situated,**

     Plaintiff,

v.

**Grubhub Inc.,
a Delaware Corporation,**

     Defendant.

---

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff CO Craft, LLC dba Freshcraft ("Plaintiff") respectfully moves this Court for an order pursuant to Fed. R. Civ. P. 23(e) preliminarily approving the attached Stipulation and Settlement Agreement ("Settlement," attached hereto as Exhibit 1) that has been reached with the Defendant Grubhub Inc. ("Defendant"). Undersigned counsel has conferred with defense counsel, and Defendant does not oppose this motion and supports the entry of the proposed attached order ("Proposed Order," attached hereto as Exhibit 2).

WHEREFORE, for the reasons stated in the accompanying memorandum of law, Plaintiff respectfully requests that this Court enter the Proposed Order preliminarily approving the parties' mutually agreed on, arm's-length settlement so that members of the proposed Settlement Class are one step closer to achieving the many benefits of the relief provided therein.

1

DATED:  April 16, 2021                LIDDLE & DUBIN, P.C.

                           By:      /s/ Laura L. Sheets
                                      Laura L. Sheets, MI Bar No. #P63270
                                      (Admitted Pro Hac Vice)
                                      975 East Jefferson Avenue
                                      Detroit, Michigan 48207
                                      Phone: (313) 392-0015
                                      Fax: (313) 392-0025
                                      lsheets@ldclassaction.com


                            THE LAW OFFICES OF ROSS ZIEV, P.C.

                           By:      /s/ Ross Ziev
                                      Ross Ziev, #43181
                                      6795 East Tennessee Avenue,
                                      Suite 210
                                      Denver, Colorado  80224
                                      Phone: (303) 351-2567
                                      Fax: (720) 669-6992
                                      ross@helpincolorado.com

                            *Attorneys for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01327

**CO Craft, LLC dba Freshcraft,**
**on behalf of itself and all other similarly situated,**

 Plaintiff,

v.

**Grubhub Inc.,**
**a Delaware Corporation,**

 Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff CO Craft, LLC dba Freshcraft ("Plaintiff") submits this memorandum of law in

support of its Unopposed Motion for Preliminary Approval of Class Action Settlement pursuant

to the terms of the Stipulation and Settlement Agreement ("Settlement," attached to the Motion as

Exhibit 1) that has been reached with the Defendant Grubhub Inc. ("Defendant" or "Grubhub").

Defendant does not oppose this motion and supports entry of the attached Proposed Preliminary

Approval Order ("Proposed Order," attached to the Motion as Exhibit 2). The Proposed Order

would conditionally and preliminarily: (1) approve the parties' Settlement and corresponding

settlement documents; (2) certify the proposed Settlement Class (defined herein) for settlement

purposes only; (3) appoint Class Counsel; (4) appoint the Class Representative; (5) approve the

timeline and procedures set for members of the proposed Settlement Class to object to the

Settlement in advance of a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e)(2); and (6)

set a date for a Final Approval Hearing to be held before this Court.

For the following reasons, Plaintiff respectfully requests that the Court grant this unopposed Motion and grant and enter the Proposed Order, so that the proposed Settlement Class can start receiving the many benefits under the terms of the Settlement.

**FACTUAL BACKGROUND**

**I.      PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIM**

On May 11, 2020, Plaintiff filed this single count Lanham Act claim on behalf of restaurants that do not have current contracts with Defendant but appear on one or more of its consumer-facing websites or mobile apps ("Grubhub Platforms").  Plaintiff alleges that pages on the Grubhub Platforms for restaurants that "do not do business with Grubhub" contain "misleading statements . . . regarding [Grubhub's] services and the services of many restaurants," including "that consumers can use Grubhub to order delivery or pickup from restaurants [while] omitting that Grubhub is not contracted or authorized to do so," and that "restaurants a[re] 'Closed' or 'Not currently taking online orders'" when they are open. Am. Compl. ¶¶ 17, 23, 45–46.  Plaintiff also alleges these practices were misleading and "likely to influence the ordering decisions of potential consumers," thereby causing "injury to [restaurants'] business, reputation, and goodwill."  *Id.* ¶¶ 48–49, 53.  Plaintiff seeks injunctive relief and damages on behalf of similarly situated restaurants. *Id.* ¶ 53–54, Request for Relief ¶¶ 2, 4.  Grubhub has consistently denied the allegations in the First Amended Class Action Complaint, including that any of the content on its Grubhub Platforms is inaccurate or misleading or that any consumers were confused.

**II.     PROCEDURAL HISTORY AND NEGOTIATIONS**

Shortly after filing the Complaint, counsel for the parties discussed the possibility of sharing information and participating in an early mediation to determine if a resolution might be

possible.  In July of 2020, Plaintiff submitted requests for information to Grubhub in advance of mediation.  Grubhub provided this information to Plaintiff's Counsel and shared additional information through discussions.

In September of 2020, the parties agreed to attend a mediation with the Hon. Diane M. Welsh (Ret.) of Judicial Arbitration and Mediation Services, Inc. (JAMS) and sought dates for a virtual mediation in October.  On October 29, 2020, the parties attended a virtual mediation, but were unable to reach a resolution.  They then attended two additional full-day mediations on December 17, 2020, and January 8, 2021.  While none of these sessions yielded a resolution, the parties continued to work with Judge Welsh and were ultimately able to agree upon a settlement in principle.

Pursuant to the terms of the agreed-upon Settlement, Plaintiff is seeking to certify a Fed. R. Civ. P. 23(b)(2) class; the relief afforded to the proposed Settlement Class—which includes "any restaurant, convenience store, market, grocery store, or other food service business that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on the Grubhub Platforms" during the entire class period ("Non-Partnered Restaurant" or "Covered Restaurant") "that w[as] listed or otherwise included by Grubhub on the Grubhub Platforms" during the class period (Ex. 1, pgs. 4, 6, Secs. 1.6, 1.22)—will be entirely injunctive. Claims for relief that seek actual damages will not be released.

 The terms of the Settlement call for significant and substantial benefits to the Plaintiff and members of its proposed Settlement Class.  Generally speaking, the Settlement will afford Non-Partnered Restaurants the ability to continue to be featured on Grubhub Platforms without forming a contractual relationship if they so choose; at which point, after establishing ownership, the Non-

Partnered Restaurants will have the ability to request updates to the content that is featured on the Non-Partnered Restaurants landing pages on the Grubhub and Seamless branded Platforms ("Landing Pages"). Such Landing Pages will include a disclaimer about the Non-Partnered Restaurants. Conversely, if Non-Partnered Restaurants would prefer to be excluded from appearing on Grubhub Platforms, business owners will be provided with easily accessible instructions on how to remove their listing from all Grubhub Platforms.[1]

More specifically, Grubhub will create a page that hosts a self-help form or forms for Non-Partnered Restaurants, which will enable business owners or authorized representatives to "claim ownership" of Non-Partnered Restaurants, subject to verification by Grubhub, and allow business owners or authorized representatives to: (a) readily request updates as to available menu items and hours information listed on the Landing Pages; or (b) readily request removal from the Grubhub Platforms. Grubhub will include a URL or link to this page on the Landing Pages (subject to Grubhub's technical limitations). In addition to adding a disclaimer to the Landing Pages, Grubhub will also add one or more business-facing FAQs to one of its general FAQs that references the presence of Non-Partnered Restaurants and how verified business owners can amend, remove, or update menu and hours information on a Landing Page.

In addition, the Settlement requires that the Landing Pages will not state without qualification "not accepting online orders" unless otherwise indicated by the Non-Partnered Restaurants (including its representatives). Grubhub may, however, use qualified language on the

---

[1] Non-Partnered Restaurants have always had the ability to have their listings removed from the Grubhub Platforms by reaching out to Grubhub. The Settlement will require Grubhub to expressly state the process in one or more business-facing Frequently Asked Questions ("FAQs").

Landing Pages where applicable, including, but not limited to: "This restaurant is not accepting orders on Grubhub."

Further, Grubhub will amend relevant Terms of Use governing Landing Pages to provide that mobile app users should install the latest version of the mobile app for the most up-to-date information. This will ensure that the information featured on the mobile app Landing Pages is accurate, up to date, and reflects the specifications of the Non-Partnered Restaurants.

Finally, to the extent within its control, Grubhub will not include the following language under an HTML <meta> element on Landing Pages for which it does not offer any delivery: "Order **delivery** or pickup from **[restaurant] in [city]!** View **[restaurant's]** [month] [year] deals and menus." To the extent within its control, Grubhub will not use language under an HTML <meta> element that suggests that it is offering services in connection with a Non-Partnered Restaurant when it is not.

Absent this Settlement, this litigation would be vigorously litigated, extraordinarily costly, time-consuming, burdensome for the parties and the Court, and ultimately reduce the likelihood that a mutually beneficial resolution could be reached moving forward. There are significant disputed legal issues that, if Grubhub were successful on the merits, threaten to result in no recovery for Plaintiff or the proposed Settlement Class, including Grubhub's motion to dismiss, motion for summary judgment, and opposition to Plaintiff's motion for class certification.

Perhaps more significantly, absent this Settlement, members of the proposed Settlement Class would be deprived of the relief that is at the heart of their claim. While Grubhub denies any liability, it has determined that resolution was the best option to avoid the substantial expense, inconvenience, burden, and disruption of continued litigation. Accordingly, this Settlement clearly

provides outstanding benefits to Plaintiff and the proposed Settlement Class and is the result of good-faith negotiations that represent the best interests of the parties. This proposed Settlement ensures that businesses across the country will continue to receive the substantial benefits of being included on the Grubhub Platforms and have greater control over their information. For those that choose not to be included on the Grubhub Platforms, they can readily request removal.

Plaintiff's Counsel has made a thorough investigation of the facts and circumstances surrounding the allegations asserted in this action and have engaged in investigation and discovery of the claim asserted therein. (Ex. 1 at pg. 2). Plaintiff and Plaintiff's Counsel have examined the benefits to be obtained under the terms of this Settlement, have considered the risks associated with the continued prosecution of this action and believe that it is in the best interests of the proposed Settlement Class that this action be resolved on the terms and conditions set forth in this Settlement. (*Id.*) Plaintiff's Counsel reached that conclusion after considering the factual and legal issues presented in this action, the risks associated with Grubhub's likely motions and anticipated opposition to Plaintiff's motion for class certification, the other defenses available to Grubhub, the substantial benefits that members of the proposed Settlement Class will receive as a result of the Settlement, the risks and uncertainties of continued litigation, the expense that would be necessary to prosecute this action through trial and any appeals that might be taken, and the likelihood of success at trial. (*Id.*)

After considerable due diligence by both parties, Plaintiff is pleased to present this proposed Settlement to the Court for preliminary approval. For the following reasons, the parties submit that this Court should preliminarily approve the proposed Settlement and enter the Proposed Order attached hereto as Exhibit 2.

### III.      THE PROPOSED SETTLEMENT

#### A.  The Class to Be Certified for Settlement Purposes

Plaintiff seeks certification of the following proposed "Settlement Class" for settlement purposes:

> All restaurants, convenience stores, markets, grocery stores, and other food service businesses in the United States or its territories that were listed or otherwise included by Grubhub on Grubhub Platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub Platforms at any time from May 11, 2016, until the Settlement Effective Date.  Specifically excluded are the following Persons:
>
> (i)      all persons who are employees, directors, officers, or agents of Grubhub;
>
> (ii)     government entities; and
>
> (iii)    the Court, the Court's immediate family, and Court staff.

(Ex. 1, pg. 6, Sec. 1.22).   The definition of the proposed Settlement Class ensures that the Settlement fairly and adequately encompasses the affected universe of Covered Restaurants and to permit all members of the proposed Settlement Class ("Settlement Class Members") to have the opportunity to object under the Settlement.

#### B.  Non-Monetary and Injunctive Relief

Grubhub has agreed to provide substantial non-monetary injunctive relief that will directly inure to the benefit of the proposed Settlement Class.  Under the proposed Settlement, Grubhub will provide highly beneficial injunctive relief, which includes:

> (i)      Grubhub will create a page that hosts a self-help form or forms for Covered Restaurants.  The form(s) will enable business owners or authorized representatives to "claim ownership" of Covered Restaurants (subject to verification by Grubhub) and allow the business owners or authorized representatives to: (a) request updates as to available menu items and hours information listed on the Landing Pages; or (b) request removal from the Grubhub Platforms.  Grubhub will include a URL or link to this page on the Landing Pages subject to Grubhub's technical limitations.

7

(ii)     Landing Pages will not state without qualification "not accepting online orders" unless otherwise indicated by the Covered Restaurants (including its representatives). Grubhub may, however, use qualified language on the Landing Pages where applicable, including, but not limited to: "This restaurant is not accepting orders on Grubhub."

(iii)    The relevant Terms of Use governing the Landing Pages will be amended to provide that mobile app users should install the latest version of the mobile app for the most up-to-date information.

(iv)    Grubhub will add one or more business-facing FAQs to one of its general FAQs that reference: (a) the presence of Covered Restaurants; (b) how a verified restaurant owner or authorized representative can request menu and hours updates and modifications to a Landing Page; and (c) how a verified restaurant owner or authorized representative can request removal.

(v)     Grubhub will add a disclaimer to Landing Pages.

(vi)    To the extent within its control, Grubhub will not include the following language under an HTML <meta> element on Landing Pages for which it does not offer any delivery: "Order **delivery** or pickup from **[restaurant] in [city]!** View **[restaurant's]** [month] [year] deals and menus." To the extent within its control, Grubhub will not use language under an HTML <meta> element that states that it is offering services in connection with a Covered Restaurant when it is not. It is understood and agreed that Grubhub has no control over and is not responsible for how Google or other search engines may use such data, including past data, to inform its search results.

This proposed injunctive relief represents meaningful relief for Covered Restaurants. Each of these entities will be able to maintain a presence on the Grubhub Platforms and reap the substantial benefits of the free publicity and marketing services even without a contractual relationship. Covered Restaurants that choose to do so will then be afforded the opportunity to manage their content on the Grubhub Platforms to ensure that their services, including their hours of operation and their menu items, are accurate and up to date. Conversely, Covered Restaurants that do not wish to have their content on the Grubhub Platforms will be provided with clear instructions on how they can elect to be removed.

## C.  Notice

Claims released by the proposed Settlement Class are limited to injunctive, other equitable, and declaratory relief.  Proposed Settlement Class Members, other than Plaintiff, are not releasing claims for actual damages.  Accordingly, the parties agree that notice and opt-out rights do not apply and are not necessary to comport with due process or the Federal Rules of Civil Procedure. *See Pelt v. Utah*, 539 F.3d 1271, 1285 (10th Cir. 2008) ("There are no mandatory notice requirements in subsections (b)(1) and (b)(2) actions . . . ."); *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-02911, 2019 U.S. Dist. LEXIS 13309, 2019 WL 343472, at *10 (N.D. Cal. Jan. 28, 2019); *Stathakos v. Columbia Sportswear Co.*, No. 15-4543, 2018 U.S. Dist. LEXIS 17138, at *9 (N.D. Cal. Jan. 25, 2018); *Lilly v. Jamba Juice Co.*, No. 13- 2998, 2015 U.S. Dist. LEXIS 34498, 2015 WL 1248027, at *25-26 (N.D. Cal. Mar. 18, 2015).  The parties further agree that notice in this case would be cost prohibitive.  Nothing in this paragraph eliminates Grubhub's notice obligations under 28 U.S.C. § 1715(b) ("CAFA"), which are set forth in Section 5 of the Settlement.

## D.  Service Award to Class Representative and Attorneys' Fees and Expenses

In recognition of Plaintiff's work on behalf of the proposed Settlement Class, Plaintiff intends to request a "Service Award" as the named class representative.  While Grubhub denies any liability, Grubhub has agreed not to oppose an application for a Service Award that does not exceed $5,000 for the named Plaintiff.  (Ex. 1, pg. 13, Sec. 7.2).  Additionally, Plaintiff will request that the Court grant an award of attorneys' fees, costs, and expenses that will reflect an amount commensurate with the work expended on the case.  (*Id.*, pg. 13, Sec. 7.1).  Grubhub has agreed not to oppose an application for attorneys' fees, costs, and expenses that does not exceed $450,000.

(*Id.*).  Plaintiff's Counsel intends to supply the Court with a thorough and detailed Motion for Final Approval that will outline with specificity the precise amount of attorney time and costs incurred up to that date of the filing of the motion.

There is no agreement between the parties as to the amount of the Service Award or requested attorneys' fees and expenses, nor is the Settlement conditioned on them.  Moreover, the procedure for, and allowance or disallowance of, any attorneys' fees, costs, expenses, or reimbursement is not part of the Settlement and is to be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order, finding, ruling, holding, appeal, reversal, modification, or proceeding relating to any such applications for a Service Award or for attorneys' fees shall not operate to terminate or cancel the Settlement or otherwise affect or delay the finality of any judgment entered following the Final Approval Hearing in this action.  (*Id.*, pg. 14, Sec. 7.4).

### E.  Release Provisions

Should the Court grant final approval of the Settlement, proposed Settlement Class Members will be deemed to have released Grubhub of all claims for injunctive or declaratory relief, known or unknown, that were asserted or could have been asserted in the litigation relating to any alleged false, inaccurate, or misleading statements, advertisements, or representations of Grubhub.  (*Id.*, pgs. 8-11, Sec. 3.2.3).  This release would not include any potential claim for relief for monetary damages.

### F.  Opportunity of Class Members to Object

Proposed Settlement Class Members who wish to comment on or object to the Settlement must do so in writing mailed to the Clerk of Court, Plaintiff's Counsel, and Defense Counsel; must

do so in accordance with the terms of the Proposed Order; and must do so by the date set forth in the Proposed Order.  Only proposed Settlement Class Members may object to the Settlement.[2] (*Id.*, pg. 12, Sec. 6.1).  Proposed Settlement Class Members who fail to submit written objections that are both timely and in full compliance with the requirements of the Proposed Order will be deemed to have waived their objections to the Settlement and will be forever foreclosed and barred from making any objection (whether by appeal or otherwise) to the Settlement, Proposed Order, or any order following the Final Approval Hearing.  (*Id.*, pgs. 12-13, Sec. 6.2).

Any lawyer representing or assisting an objecting proposed Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Proposed Order; (b) file a sworn declaration attesting to representation of each proposed Settlement Class Member on whose behalf the lawyer has or will be acting; and (c) comply (and ensure their client's compliance) with each of the objection requirements set forth in the Proposed Order.  (*Id.*, pg. 13, Sec. 6.3).  No proposed Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually, by representative, or through separate counsel), unless their timely objection or comment states their intention to appear at the Final Approval Hearing.  (*Id.*, pg. 13, Sec. 6.4).

The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any proposed Settlement Class Members' objections to the Settlement.

---

[2] In Plaintiff's Response to the intervening Movants' Motion to Intervene, (ECF No. 45), Plaintiff incorrectly referred to the intervening Movants' right to opt out of the Settlement Agreement. (*Id.* at Pg. 2 of 17). Because this proposed settlement involves an injunctive relief only class, the intervening Movants will have a right to object to the settlement in the same manner as all other class members.

## **LEGAL STANDARD**

Approval of a class action settlement takes place in two stages.  In the first stage, the court preliminarily certifies a settlement class and preliminarily approves the settlement agreement.  *In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 671, 675 (D. Kan. 2009).  In the second stage, the court holds a fairness hearing at which it will address the fairness, reasonableness, or adequacy of the settlement terms.  Fed. R. Civ. P. 23(e)(2); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Courts preliminarily approve a class action settlement when it "appear[s] to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval."  *In re Motor Fuel*, 286 F.R.D. at 492.  "Preliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is . . . 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness."  *Blanco v. Xtreme Drilling & Coil Servs.*, 2020 U.S. Dist. LEXIS 121996, *3, 2020 WL 3833412 (citing *In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-PAB-KLM, 2013 U.S. Dist. LEXIS 122593, 2013 WL 457404, at *3 (D. Colo. Aug. 28, 2013) (internal quotation marks omitted).  At the preliminary approval stage, a review of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  Herbert B. Newberg & Alba Conte, *Newberg on Class Actions (*"*Newberg*") § 11.25 (4th ed. 2002).

**ARGUMENT**

## I.   THE PROPOSED SETTLEMENT AGREEMENT SATISFIES THE PREREQUISITES FOR PRELIMINARY APPROVAL

In the Tenth Circuit, a proposed class action settlement is reviewed by the Court primarily by considering four factors: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.  *O'Dowd v. Anthem, Inc.*, 2019 U.S. Dist. LEXIS 88292, *34-35, 2019 WL 2248548 (citing *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *overruled in part on other grounds by Devlin v. Scardelletti*, 536 U.S. 1, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002)).  In addition to those four factors, "Rule 23(e) was recently amended to provide its own list of factors for courts to consider when determining whether a settlement is 'fair, reasonable, and adequate.' Those factors include:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

*O'Dowd*, 2019 U.S. Dist. LEXIS 88292, at *36 (quoting Fed. R. Civ. P. 23(e)(2)).

### A.  The Proposal Was Negotiated at Arm's Length

Here, the proposed Settlement represents an arm's-length compromise that is the result of an extensive pre-certification investigation and negotiation, followed by three full days of mediation with a qualified and experienced neutral.  Proposed Class Counsel is experienced with this type of case and well-qualified to evaluate the risks of continued litigation.  The Settlement was reached after an extensive investigation by the parties and their counsel that allowed them to fully understand the strengths and risks in this litigation, and accordingly the fairness and reasonableness of the Settlement.  The negotiations have at all times been conducted at arm's length and Plaintiff and their counsel have vigorously represented the interests of the proposed Settlement Class to obtain a settlement that provides substantial benefits.  *See Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997).  The Settlement is therefore entitled to a presumption of fairness.  *See Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co*., 2015 U.S. Dist. LEXIS 131149, *9-10 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005)) (holding that a "'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'").

### B.  Serious Questions of Law and Fact Exist

"Although it is not the role of the Court at this stage of the litigation to evaluate the merits of Plaintiff's case, it is clear that the parties could reasonably conclude that there are serious questions of law and fact that exist such that they could significantly impact this case if it were litigated." *Lucas v. Kmart Corp*., 234 F.R.D. 688, 693-694, 2006 U.S. Dist. LEXIS 42041, *14,

18 Am. Disabilities Cas. (BNA) 834 (citing *Wilkerson*, 171 F.R.D. at 284) (internal citations omitted).

An analysis of the relief conferred by the Settlement as compared against the potential recovery considering the risks, costs, and delay of continued litigation demonstrates that the value and benefit of the Settlement to the proposed Settlement Class is more than adequate, weighed against the strength of Plaintiff's case on the merits. This is especially true considering this is an injunctive relief only class and the proposed Settlement Class is not releasing any claims for relief for actual damages. Proposed Class Counsel was able to secure significant injunctive relief to ensure an immediate benefit to all proposed Settlement Class Members. This is an outstanding litigation result under the circumstances.

The Settlement provides highly beneficial injunctive relief through updates to the Grubhub Platforms, Landing Pages, Terms of Use, self-help forms, disclaimers, FAQs, and information regarding whether the business is a Covered Restaurant. (Ex. 1, pgs. 7-8, Sec. 3.1.1(i)-(vi)).

While proposed Class Counsel maintains confidence in the strength of its merits arguments, the results of future prolonged litigation are anything but certain. The results of an adverse determination on a motion for class certification threaten to put Plaintiff's claim in a dubious position and render them worthless. Plaintiff "must consider the likelihood of success of certifying a class, surviving summary judgment, and succeeding at trial." *Martinez v. Reams*, 2020 U.S. Dist. LEXIS 233070, at *22-23, 2020 WL 7319081 (D. Colo. Dec. 11, 2020).

This negotiated Settlement is not only fair, but it also guarantees fairness and value for a class of claimants that courts of law may well deny otherwise. Accordingly, this factor bears the weight of an anvil against a feather in favor of preliminary approval of the proposed Settlement.

### C.  The Value of the Immediate Benefits Outweighs the Mere Possibility of Future Relief After Protracted and Expensive Litigation

The benefits achieved in the Settlement must be considered against the costs, risks, and delay of prosecuting this action through a trial and possible appeal.  The difficulties of doing so in a case of this nature are hard to overstate.

Here, if litigation continued, "in all probability it would be many years before it was resolved." *Lucas*, 234 F.R.D. at 694.  The recovery is to be weighed "'against the possibility of some greater relief at a later time, taking into consideration the additional risks and costs that go hand in hand with protracted litigation.'" *O'Dowd*, 2019 U.S. Dist. LEXIS 88292, at *39 (quoting *Gottlieb*, 11 F.3d at 1015).  The relief offered to the proposed Settlement Class in the Settlement is significant, without having to take the additional risks associated with litigation.

Complex class actions on behalf of a nationwide class of businesses are inherently expensive to litigate, and the complexity and potential liability involved lends itself to prolonged litigation and appeals.  Following a motion for class certification, which itself typically takes at least one year, the case then would have moved to merits discovery and motions.  Even if Plaintiff were able to obtain class certification and pursue a claim for monetary damages and injunctive relief, it would have to affirmatively establish whether or the extent to which Grubhub's practices, statements, and representations impacted each Covered Restaurant, among other things.

Importantly, as set forth in Paragraph 53 of the First Amended Class Action Complaint, "Plaintiffs are at present unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts."  In fact, Covered Restaurants likely benefited financially from appearing on the Grubhub Platforms through increased traffic and sales and therefore suffered no monetary losses whatsoever.  While claims for relief for actual damages have been

preserved with this Settlement, proving that any Covered Restaurant suffered such damages will be difficult, if not impossible, to prove.

If Grubhub were able to raise a question of material fact on an affirmative defense, the case would have to be scheduled for a lengthy and complex trial on the merits.  The associated costs of such an approach could very well exceed the amount that any class member had at issue, and the costs could have exceeded the total amount claimed by the proposed Settlement Class as a whole.

The Settlement avoids the risk, complexity, time, and cost of further litigation, and provides the proposed Settlement Class with substantial guaranteed non-monetary relief on an immediate basis.  After considering the range of possibilities, it is Plaintiff's Counsel's experienced opinion that given the potential risks, rewards, and costs of continuing litigation, that settlement on the proposed terms is the most desirable course for Plaintiff and the proposed Settlement Class to take. Those risks further counsel in favor of preliminarily approving the Settlement.

Every day that the litigation dragged on would likely have been another day that the proposed Settlement Class did not have the benefit of the relief provided by the Settlement.  This is another reason that experienced proposed Class Counsel recommends the Settlement. Accordingly, this factor also weighs very heavily in favor of approving the Settlement.

### D.  It Is the Judgment of the Parties that the Settlement Is Fair and Reasonable

"[T]he recommendation of a settlement by experienced plaintiff's counsel is entitled to great weight."  *Wilkerson*, 171 F.R.D. at 288-89.  As explained above, Plaintiff's principal counsel are experienced attorneys with extensive experience in multi-jurisdictional and complex class action litigation.   Proposed Class Counsel strongly believes the settlement to be fair and reasonable.

17

Additionally, should a class member "find the terms unfair, he or she may file an objection to the proposed settlement." *Martinez*, 2020 U.S. Dist. LEXIS 233070, at \*22-23 (citing *In re Crocs*, 2013 U.S. Dist. LEXIS 122593, at \*12) (finding that party opposing settlement agreement could opt-out or file objections).  This Court should find that the presumption of fairness is sufficient to preliminarily approve the settlement agreement.

### E.  The Additional Rule 23(e)(2) Factors Support Approving the Settlement

First, adequate representation is usually presumed in the absence of contrary evidence.  2 *Newberg* § 7.24, pp. 81-82.  Here, Plaintiff "has been a diligent, attentive, and unwavering advocate for the interests of the Class throughout the case … to enable this case to be brought, and ultimately to achieve meaningful results for the Class." *O'Dowd*, 2019 U.S. Dist. LEXIS 88292, \*42.  The Plaintiff in this case has actively been engaged in the process and the litigation.  Plaintiff, as Class Representative, has adequately represented the proposed Settlement Class.

Additionally, Plaintiff's Counsel has adequately represented the proposed Settlement Class by performing a great deal of work in both identifying and investigating the claim in this action.  Plaintiff's counsel, Liddle & Dubin, P.C. ("L&D"), has significant experience in complex litigation and class actions involving claims of the type asserted in this action.  Counsel is knowledgeable in the applicable law, and are able, willing, and planning to commit the resources necessary to zealously represent the class as they have done throughout the litigation. "Class Counsel's adequate and effective representation of the class is demonstrated by the favorable settlement that was reached." *Id.* at \*42-43.  Accordingly, "Plaintiff, as the class representative, and Class Counsel have adequately represented the class." *Id.* (citing Fed. R. Civ. P. 23(e)(2)(A)).

Second, the proposed injunctive relief provided by the proposed Settlement treats each proposed Settlement Class Member equitably relative to each other.  Fed. R. Civ. P. 23(e)(2)(D). The injunctive relief provided by the Settlement applies equally to each putative class member and does not improperly grant preferential treatment to Plaintiff or segments of the proposed Settlement Class.  Although Plaintiff seeks a modest Service Award, Grubhub does not object to such an award.  Accordingly, the Settlement satisfies the additional Rule 23(e)(2) factors.

## II.     THE PROPOSED SETTLEMENT CLASS SATISFIES ALL PREREQUISITES FOR PRELIMINARY CLASS CERTIFICATION

A district court may certify a case for class-action treatment only if it satisfies the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and one of the conditions of Rule 23(b).  *O'Dowd*, 2019 U.S. Dist. LEXIS 88292, at *18-19.   For the following reasons, this case clearly satisfies all of the prerequisites to support preliminary certification of the proposed Settlement Class, for settlement purposes only, under Rules 23(a) and 23(b)(2).  *See* Fed. R. Civ. P. 23(a)-(b).

### A.   The Numerosity Element Is Satisfied, as the Proposed Settlement Class of Tens of Thousands Is So Numerous that Joinder of All Proposed Settlement Class Members Would Be Exceedingly Impracticable

Numerosity is satisfied where class membership is sufficiently large to warrant a class action because the alternative of joinder is impracticable.  Fed. R. Civ. P. 23(a)(1).  "Some courts have held that numerosity may be presumed at a certain number; however, the Tenth Circuit has never adopted a minimum presumption." *Martinez*, 2020 U.S. Dist. LEXIS 233070, at *10 (citing *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)).  "[W]hen injunctive relief is the only relief requested, even speculative or conclusory representations regarding numerosity will suffice

to permit class certification." *Id*. (quoting *Goodnight v. Shalala*, 837 F. Supp. 1564, 1582 (D. Utah 1993)).

As previously mentioned, Plaintiff submitted requests for information to Grubhub prior to the October mediation.  Grubhub provided information throughout this process evidencing that there are tens of thousands proposed Settlement Class Members.  The numerosity requirement is plainly satisfied, as joinder of all these parties would require a herculean, but wasteful, effort that would undoubtedly leave many thousands with no opportunity for relief.

### B. The Commonality Element Is Satisfied, as Questions of Law and Fact Are Overwhelmingly Common to Members of the Proposed Settlement Class

Commonality requires "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011).  This means that the class claims "must depend on a common contention . . . of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Id*.  "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Martinez*, 2020 U.S. Dist. LEXIS 233070, at *12-13 (quoting *Wal-Mart*, 564 U.S. at 350).  "A finding of commonality requires only a single question of law or fact common to the entire class."  *Menocal v. GEO Group Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) (quotation marks and citations omitted).

Plaintiff's claim, and those of the proposed Settlement Class, arise from common questions involving Grubhub's inclusion of Covered Restaurants on its Platforms.  For purposes of injunctive

relief, there are few, if any, individualized factual or legal issues that would require a determination, either by the Court or by the finder of fact.  *See Wal-Mart Stores*, 564 U.S. at 350 (referencing the commonality as being susceptible to "one stroke" resolution of the claims at issue).

### C. The Typicality Element Is Satisfied as Plaintiff's Claim or Defenses Are Typical of That of the Class

The third prerequisite in Rule 23(a) provides that a movant must demonstrate "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "Differing fact situations of class members do not defeat typicality . . . so long as the claims of the class representative and class members are based on the same legal or remedial theory."  *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014) (quotations and alteration omitted).  "So long as there is a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class, the typicality requirement is satisfied."  *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 385, 1993 U.S. Dist. LEXIS 14672, *20-21 (citing *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984)); *Joseph,* 109 F.R.D. at 640.

Plaintiff's claim stems from the same common course of conduct as the claim of the proposed Settlement Class as a whole.  Thus, Plaintiff's claim is typical of the claims of the proposed Settlement Class, in that they arise from the same course of conduct and rely upon identical factual and legal issues.  For the same reasons that the commonality requirement is satisfied, so too is the typicality prerequisite.

**D. Plaintiff Satisfies the Adequacy Element as It Will Fairly and Adequately Protect the Interests of the Proposed Settlement Class**

Rule 23(a) requires that the representative parties fairly and adequately represent the class. Fed. R. Civ. P. 23(a)(4). "The Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Martinez*, 2020 U.S. Dist. LEXIS 233070, at *16 (quoting *Rutter*, 314 F.3d at 1188). Adequate representation is usually presumed in the absence of contrary evidence. *See* 2 *Newberg* § 7.24, pp. 81-82.

The named Plaintiff in this case advances a claim that is entirely typical of the claim of the proposed Settlement Class Members. Plaintiff has no conflict of interest with other proposed Settlement Class Members who were exposed to the same uniform practices of Grubhub, and as a result, sustained the same injuries arising out of and caused by Grubhub's alleged conduct. Plaintiff seeks the same remedy as all proposed Settlement Class Members: injunctive relief to resolve claims arising from the same underlying allegations. Plaintiff's interests are perfectly aligned with the interests of the proposed Settlement Class and there are no conflicts of interest between different members of the proposed class.

Plaintiff respectfully requests that its chosen counsel, Laura L. Sheets of Liddle & Dubin, P.C., and Ross Ziev of the Law Offices of Ross Ziev, P.C., be appointed Class Counsel through the Court's order preliminarily approving the settlement. Rule 23(g)(1)(C) sets forth the factors for the Court to consider in making a determination regarding class counsel:

In appointing class counsel, Rule 23 directs the court to consider:

(i)     the work counsel has done in identifying or investigating potential claims in the action,

(ii)    counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

(iii)   counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class; [and]

(B) may consider other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

(C) may direct potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney fees and nontaxable costs; and

(D) may make further orders in connection with the appointment.

Fed. R. Civ. P. 23(g)(1)(C).

Plaintiff's Counsel has performed a great deal of work in both identifying and investigating the claim in this action.  Plaintiff's Counsel, Liddle & Dubin, P.C. ("L&D"), and The Law Offices of Ross Ziev, have decades of experience litigating complex class litigation and class actions involving claims of the type asserted in this action, including cases arising from unlawful business practices claims on behalf of consumers.  L&D practices exclusively in complex class litigation and has litigated, successfully resolved, and administered hundreds of class action settlements. L&D attorneys are exceptionally experienced in class action settlement negotiations, and their experience renders them highly capable of evaluating the merits and damages involved in class action cases, in addition to accurately valuating class claims.  L&D has been involved in hundreds of class action settlements, and the firm is intimately versed in potentially challenging issues that accompany class action settlements.

L&D has zealously represented the proposed Settlement Class in this matter.  Plaintiff's Counsel is experienced, knowledgeable, and zealous in their advocacy on behalf of consumers.

Accordingly, Plaintiff respectfully requests that this Court appoint their chosen counsel at L&D and The Law Offices of Ross Ziev as counsel for the class.

### E.  The Requirements of Rule 23(b)(2) Are Satisfied

Rule 23(b)(2) provides that a class may be certified where the defendant has purportedly "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  In evaluating certification under Rule 23(b)(2), the Tenth Circuit has described two requirements:

> "[T]he class must be sufficiently cohesive that any classwide injunctive relief can satisfy the limitations of Federal Rule Civil Procedure 65(d)—namely, the requirement that it state its terms specifically; and describe in reasonable detail the act or acts restrained or required. . . .  Second, [a] class action may not be certified under Rule 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant."

*Martinez*, 2020 U.S. Dist. LEXIS 233070, at *18 (alterations in original) (quoting *Shook v. Bd. of Cnty. Comm'rs*, 543 F.3d 597, 603 (10th Cir. 2008)).

The Settlement satisfies these requirements.  Proposed Settlement Class Members all appear on Grubhub Platforms without a current contractual relationship.  The Settlement provides highly beneficial injunctive relief to the proposed Settlement Class as a whole through specified updates to the Grubhub Platforms, Landing Pages, Terms of Use, self-help forms, disclaimers, and FAQs.  This relief applies uniformly to the proposed Settlement Class as a whole, and tailored relief is not necessary.  Accordingly, for purposes of the Settlement, preliminary certification under Rule 23(b)(2) is appropriate.

## **CONCLUSION**

The proposed class action settlement is fair, adequate, and reasonable, and each element of Rule 23 is satisfied and weighs strongly in favor of preliminary class certification for settlement purposes.  For the foregoing reasons, Plaintiff respectfully requests that this Court enter the order attached hereto as Exhibit 2 preliminarily approving the mutually bargained for, arm's-length settlement.

DATED:  April 16, 2021                    Respectfully submitted,


LIDDLE & DUBIN, P.C.

By:     /s/ Laura L. Sheets
        Laura L. Sheets, MI Bar No. #P63270
        (Admitted Pro Hac Vice)
        975 East Jefferson Avenue
        Detroit, Michigan  48207
        Phone: (313) 392-0015
        Fax: (313) 392-0025
        lsheets@ldclassaction.com


THE LAW OFFICES OF ROSS ZIEV, P.C.

By:      /s/ Ross Ziev
        Ross Ziev, #43181
        6795 East Tennessee Avenue,
        Suite 210
        Denver, Colorado  80224
        Phone: (303) 351-2567
        Fax: (720) 669-6992
        ross@helpincolorado.com

*Attorneys for Plaintiff and the Putative Class*

25