## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01327

CO Craft, LLC dba Freshcraft,

      Plaintiff,

v.

Grubhub Inc.,

      Defendant.

---

## STIPULATION AND SETTLEMENT AGREEMENT

---

This Stipulation and Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to the approval of the United States District Court for the District of Colorado ("Court"), by plaintiff CO Craft, LLC d/b/a Freshcraft ("Plaintiff"), individually and on behalf of the Settlement Class (as defined herein), and defendant Grubhub Inc. ("Grubhub" or "Defendant"; together with Plaintiff, "Parties"), by and through their counsel. This Agreement is intended by the Parties to fully and finally settle, compromise, and resolve the above-captioned action, *CO Craft, LLC dba Freshcraft v. Grubhub Inc.*, Case No. 20-cv-01327 ("Action"), and the Released Claims (as defined herein), subject to the terms and conditions set forth below and final approval of the Court.

### RECITALS

**WHEREAS**:

A.      All terms with initial capitalization shall have the meanings set forth in this Agreement;

B.      On May 11, 2020, Plaintiff filed a putative class action complaint against Grubhub in the Action, Dkt. No. 1, asserting a single claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

C.      On January 29, 2021, Plaintiff filed an amended complaint in the Action, Dkt. No. 35-1;

D.      Plaintiff alleges that, among other things, Grubhub created false or misleading pages on one or more of its consumer-facing websites or mobile apps ("Grubhub Platforms") for restaurants that do not have agreements to appear on the Grubhub Platforms and that this might cause consumer confusion;

E.      Prior to and throughout the Action, Plaintiff's counsel, the law firms of Liddle & Dubin, P.C., and the Law Offices of Ross Ziev, P.C. (subject to appointment by the Court, "Settlement Class Counsel"), have conducted a thorough examination and investigation of the facts and law relating to the claim and defenses in the Action, including, but not limited to, examining documents produced by Grubhub; obtaining information from publicly available and other sources; and researching and preparing Court filings, mediation statements, and other documents concerning the claim;

F.      The Parties have explored and discussed at length the factual and legal issues raised in the Action;

G.      In or around August 2020, the Parties agreed to exchange documents and mediate the Action and retained the Honorable Diane M. Welsh, U.S. Magistrate Judge for the Eastern District of Pennsylvania (Ret.), of Judicial Arbitration and Mediation Services ("JAMS") to serve as the mediator ("Mediator");

H.      The Mediator conducted three full-day virtual mediation sessions with the Parties on October 29, 2020, December 17, 2020, and January 8, 2021, each of which ended without a resolution;

I.      Thereafter, the Parties continued their discussions, by and through counsel and with the aid of the Mediator, and on January 29, 2021, reached an agreement-in-principle to settle the Action and entered into a Memorandum of Understanding ("MOU"), subject to the satisfaction of certain conditions, including the negotiation of a definitive settlement agreement and the approval of the Settlement (as defined herein) by the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure;

J.      By executing this Agreement and as a material condition of the Settlement, the Parties intend to settle and dispose of, fully and completely, both: (a) the Individual Released Claims; and (b) the Class Released Claims (as these terms are defined herein);

K.      Prior to agreeing to the Settlement, Settlement Class Counsel analyzed and evaluated the

merits of the claim and defenses in the Action and the terms and benefits of the proposed Settlement for the putative Settlement Class; Plaintiff and Settlement Class Counsel, after taking into account the risks and costs of further litigation, are satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that the Settlement is in the best interest of the Settlement Class as a whole;

L.      Grubhub denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the Action, and further denies that the claims in the Action would be appropriate for class treatment if the Action were to proceed through litigation and trial; nonetheless, without admitting or conceding any wrongdoing, liability, or damages or the appropriateness of Plaintiff's claim or similar claims for class treatment, Grubhub consents to the Settlement solely to avoid the expense, inconvenience, and inherent risk of litigation, as well as the inconvenience, interference, and disruption of its business operations; and

M.      This Agreement reflects a compromise between the Parties, and nothing in this Settlement shall be construed as an admission or concession by any Party of the truth of any allegations or validity of any claim or defense raised in or which could have been raised in the Action, or of any fault, wrongdoing, liability, or damages of any kind by Grubhub.

NOW, THEREFORE, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the other conditions set forth herein, it is hereby stipulated and agreed by and between the Parties, through their respective attorneys, in consideration of the benefits contained herein and flowing to the Parties and the Settlement Class, that the Action and all Released Claims as against all Released Parties shall be fully, finally, and forever settled, compromised, released, and discharged, upon and subject to the following terms and conditions.

1.      **DEFINITIONS**

As used in this Agreement, the following words and terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.1.      "Agreement" and "Settlement Agreement" mean this Settlement Agreement, including, without limitation, all of the attached exhibits.

1.2.     "CAFA Notice" means the notice requirements imposed by 28 U.S.C. § 1715(b).

1.3.     "Class Period" means May 11, 2016 until Final Approval (as defined herein).

1.4.     "Class Released Claims" has the meaning set forth in Section 3.2.2.

1.5.     "Class Release Parties" means each Settlement Class Member (as defined herein) other than Plaintiff and any of such Settlement Class Member's past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.6.     "Covered Restaurant" means any restaurant, convenience store, market, grocery store, or other food service business that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on the Grubhub Platforms during the entire Class Period.

1.7.     "Defense Counsel" means the law firm of Cozen O'Connor.

1.8.     "Effective Date" means the date defined in Section 9.1 below.

1.9.     "Final" when referring to an order or judgment means the expiration of any time for appeal or review or, if any appeal is filed and not dismissed, the date it is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for rehearing, reargument, appeal, or review, *en banc*, by certiorari, or otherwise, has expired.

1.10.     "Final Approval" means the date an Order and Final Judgment (as defined herein) entered by the Court under Rule 23(e) of the Federal Rules of Civil Procedure becomes Final.

1.11.     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.12.     "Grubhub" and "Defendant" mean Grubhub Inc. and its affiliated entities.

1.13.     "Individual Released Claims" has the meaning set forth in Section 3.2.1.

1.14.    "Individual Release Parties" means Plaintiff and its past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.15.    "Order and Final Judgment" and "Final Approval Order" mean the Final Approval Order and Entry of Judgment (substantially in the form of Exhibit B attached hereto) to be entered by the Court following the Final Approval Hearing.

1.16.    "Preliminary Approval" means the date the Court issues its Preliminary Approval Order (as defined herein) in which it preliminarily approves the Settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

1.17.    "Preliminary Approval Order" means the order (substantially in the form of Exhibit A attached hereto) to be entered by the Court preliminarily approving the Settlement.

1.18.    "Released Claims" shall mean the Individual Released Claims and Class Released Claims, as defined in Section 3.2.

1.19.    "Released Parties" means Grubhub and any of its past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.20.    "Service Award" means an award of up to $5,000 to Plaintiff for its representation of the Settlement Class in the Action, as may be approved by the Court.

1.21.    "Settlement" means the resolution of this Action as provided for and effectuated by this Agreement.

1.22.    "Settlement Class" means all Covered Restaurants in the United States or its territories that were listed or otherwise included by Grubhub on the Grubhub Platforms at any time during the Class Period.  Excluded from the class are: (a) all persons who are employees, directors, officers, or agents of Grubhub; (b) government entities; and (c) the Court, the Court's immediate family, and Court staff.

1.23.    "Settlement Class Member" means any person or entity who is a member of the Settlement Class.

## 2.    **BASIS FOR SETTLEMENT**

2.1.    The Parties have exchanged documents and information and engaged in extensive negotiations to settle the Action.  The Parties attended three mediation sessions with the Honorable Diane M. Welsh (Ret.) to further their settlement efforts.  Throughout these negotiations, the Parties took into account: (a) the merit or lack of merit of the Action; (b) the relative strengths and weaknesses of the Parties' positions in the Action; (c) the time, expense, and effort that would be required to continue to litigate the Action through motions on the pleadings, discovery, class certification, summary judgment, trial, and appeal; (d) the possibilities of success weighed against the possibilities of failure with respect to the Parties' respective positions in the litigation; (e) the range of possible outcomes; (f) the complexities of the contested issues raised by the Action; (g) the risks inherent in protracted litigation; (h) the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; and (i) the benefits resulting from an immediate settlement in light of the foregoing considerations.

2.2.    Based on the foregoing considerations and the record in this case, Plaintiff and Settlement Class Counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, and adequate to Plaintiff and the Settlement Class, and are in their best interests.  Plaintiff and Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Action through trial and appeals.  Plaintiff and Settlement Class Counsel also

have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff and Settlement Class Counsel recognize the significant challenges they will face in determining and proving any actual damages.  They also acknowledge the strong defenses to class certification in this Action. Plaintiff and Settlement Class Counsel believe that the proposed Settlement confers substantial benefits upon the Settlement Class and provides the primary relief sought in the Action.

3.      **TERMS OF SETTLEMENT**

3.1.    **Injunctive Relief.**  In exchange for the releases set forth herein, and for other good and valuable consideration, Grubhub agrees to enter into a stipulated order providing the Settlement Class with the injunctive relief described in this Section 3.1.

3.1.1   Grubhub shall implement the following changed practices within ninety (90) days after Final Approval:

(i)     Grubhub will create a page that hosts a self-help form or forms for Covered Restaurants.  The form(s) will enable business owners or authorized representatives to "claim ownership" of Covered Restaurants (subject to verification by Grubhub) and allow the business owners or authorized representatives to: (a) request updates as to available menu items and hours information listed on the Covered Restaurant landing pages on the Grubhub and Seamless branded Platforms ("Landing Pages"); or (b) request removal from the Grubhub Platforms.  Grubhub will include a URL or link to this page on the Landing Pages subject to Grubhub's technical limitations.

(ii)    Landing Pages will not state without qualification "not accepting online orders" unless otherwise indicated by the Covered Restaurants (including its representatives).  Grubhub may, however, use qualified language on the Landing Pages where applicable, including, but not limited to: "This restaurant is not accepting orders on Grubhub."

(iii)   The relevant Terms of Use governing the Landing Pages will be amended to provide that mobile app users should install the latest version of the mobile app for the most up-to-date information.

(iv)    Grubhub will add one or more business-facing Frequently Asked Questions ("FAQ") to one of its general FAQs that reference: (a) the presence of Covered Restaurants; (b) how a verified restaurant owner or authorized representative can request menu and hours updates and modifications to a Landing Page; and (c) how a verified restaurant owner or authorized representative can request removal.

(v)     Grubhub will add a disclaimer to Landing Pages.

(vi)    To the extent within its control, Grubhub will not include the following language under an HTML <meta> element on Landing Pages for which it does not offer any delivery: "Order **delivery** or pickup from **[restaurant] in [city]!** View **[restaurant's]** [month] [year] deals and menus."  To the extent within its control, Grubhub will not use language under an HTML <meta> element that states that it is offering services in connection with a Covered Restaurant when it is not.  It is understood and agreed that Grubhub has no control over and is not responsible for how Google or other search engines may use such data, including past data, to inform its search results.

3.2.    **Releases, Stays, and Covenants Not to Sue.**  In exchange for the foregoing injunctive relief, and for other good and valuable consideration, Plaintiff, on behalf of itself and the Settlement Class, agrees to enter into the releases and covenants described in this Section 3.2.

3.2.1   *Individual Release.*  Upon the Effective Date, Plaintiff, on behalf of the Individual Release Parties, shall fully and forever release and discharge the Released Parties from, and shall covenant not to sue any Released Parties for, any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive, or of any other type), penalties, losses, or demands, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise ("Individual Released Claims").  The Individual Released Claims include any and all claims alleged or that could have been alleged in the Action or that arise out of or relate to facts alleged in the Action.  Nothing in this release affects Plaintiff's rights under this Agreement to file an application with the Court for attorneys' fees and for a Service Award, as set forth below in Section 7.

3.2.2   *Settlement Class Release.*  Upon the Effective Date, the Settlement Class Members, on behalf of the Class Release Parties except Plaintiff, shall fully and forever release and discharge the Released Parties from, and shall covenant not to sue any Released Parties for, any and all claims or causes of action under any theory for injunctive, other equitable, or declaratory relief, whether known or unknown, asserted or unasserted, existing or suspected or

unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise, that relate in any way to alleged false, inaccurate, or misleading statements, advertisements, or representations, or use of any Settlement Class Member's names, logos, or other intellectual property, by any one or more of the Released Parties ("Class Released Claims"). The Class Released Claims include any and all claims for injunctive, other equitable, or declaratory relief under the Lanham Act or other federal, state, or local laws, and any claims for injunctive, other equitable, or declaratory relief that arise out of or relate in any way to the transactions, occurrences, events, conduct, practices, or policies alleged, or that could have been alleged, in the Action or any other action alleging similar claims that has been brought, could have been brought, or is currently pending, in any court or arbitration proceeding.  The Class Released Claims expressly exclude any claims for actual damages.

3.2.3   ***Waiver of Cal. Civ. Code § 1542.***  In connection with and as part of the Released Claims, Plaintiff and Settlement Class Members expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding California or other law, Plaintiff and Settlement Class Members expressly agree that, in connection with and as part of the Released Claims, the provisions, rights, and benefits of Section 1542 and all similar federal, state, or local laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law in connection with the Released Claims and any unknown claims that are substantially similar to or overlap with the Released Claims.  Plaintiff and Settlement Class Members also agree and acknowledge that the foregoing is an essential term of the releases provided herein.  Plaintiff and Settlement Class Members also

agree and acknowledge in connection with and as part of the Released Claims that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are substantially similar to or overlap with the Released Claims, are hereby released, relinquished, and discharged.

3.2.4   ***Exclusive Remedy and Related Litigation.***  Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims; and (b) Settlement Class Members will be deemed to have, and by operation of the Order and Final Judgment will have, stipulated to be and shall be permanently barred and enjoined by order of the Court from initiating, asserting, or prosecuting the Released Parties in any federal or state court or tribunal for any and/or all of the Released Claims.

Prior to and until entry of an Order and Final Judgment, the Parties agree to in good faith seek and cooperate in seeking to enjoin any Settlement Class Member or other person pursuing claims on behalf of any such person or entity (including by pursuing a class action, by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) from, directly or indirectly, filing, commencing, prosecuting, intervening in, participating in, maintaining, or otherwise receiving any benefits from any lawsuit, arbitration, government action, administrative or regulatory proceeding, or order in any jurisdiction, forum, or tribunal asserting claims or seeking relief relating in any way to the Released Claims, including but not limited to requesting that all such actions be stayed and enjoined pending Final Approval.

3.3.   **Attorneys' Fees and Service Award.**  Grubhub shall pay Plaintiff a Service Award and its reasonable attorneys' fees in the manner and subject to the limitations set forth in Section 7.

3.4.   **Notice.**  Class Released Claims are limited to injunctive, other equitable, and declaratory relief.  Settlement Class Members, other than Plaintiff, are not releasing claims for actual damages. Accordingly, the Parties agree that notice and opt-out rights do not apply and are not necessary to comport with due process or the Federal Rules of Civil Procedure.  As such, the Parties agree to ask the

Court not to require that discretionary notice be provided to Settlement Class Members as is permitted under Rules 23(c)(2)(A) and 23(e)(1)(B) of the Federal Rules of Civil Procedure.  The Parties further agree that notice in this case would be cost prohibitive.  Nothing in this paragraph eliminates Grubhub's CAFA Notice obligations, which are set forth in Section 5.

If the Court nevertheless requires notice to the Settlement Class, the Parties will negotiate in good faith in an attempt to agree on a notice procedure to be approved by the Court.  In the event that, following good-faith negotiations, the Parties are unable to agree on a notice procedure, Grubhub shall have the unilateral right to withdraw from and terminate this Agreement, without prejudice, and the Settlement will have no force or effect and will be treated as if it never existed.  In the event of such a withdrawal or termination, the terms of Section 9.3 shall apply.

## 4. PRELIMINARY APPROVAL AND CLASS CERTIFICATION

4.1.    Plaintiff shall file with the Court a motion for preliminary approval of the Settlement, along with this Agreement and all exhibits hereto, and move for entry of the Preliminary Approval Order substantially in the form attached hereto as Exhibit A.

4.2.    Solely for purposes of the Settlement, Plaintiff will request that the Court, as part of the Preliminary Approval Order and the Order and Final Judgment: (a) certify this Action as a class action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and approve the definition of the Settlement Class set forth herein; (b) appoint Plaintiff to serve as the Settlement Class representative; and (c) appoint Settlement Class Counsel to serve as counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Solely for purposes of the Settlement, Grubhub will not oppose the foregoing requests.  In the event that this Agreement is terminated for any reason or the Settlement is not approved in any material respect by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement, this Agreement, or any documents, communications, or

negotiations related in any way thereto shall be made for any purpose in the Action or in any other action or proceeding, and the terms of Section 9.3 shall apply.

**5.     CAFA NOTICE**

5.1.     Grubhub, at its expense, shall serve CAFA Notice on the appropriate federal and state officials.

5.2.     Grubhub will file a certification with the Court stating the date or dates on which CAFA Notice was sent.

**6.     PROCEDURE FOR OBJECTIONS**

6.1.     Settlement Class Members who wish to comment on or object to the Settlement must do so in writing mailed to the Clerk of Court, Settlement Class Counsel, and Defense Counsel; must do so in accordance with the terms of the Preliminary Approval Order; and must do so by the date set forth in the Preliminary Approval Order.  Only Settlement Class Members may object to the Settlement.

6.2.     Settlement Class Members who fail to submit written objections that are both timely and in full compliance with the requirements of the Preliminary Approval Order will be deemed to have waived their objections to the Settlement and will be forever foreclosed and barred from making any objection (whether by appeal or otherwise) to the Settlement, Agreement, Preliminary Approval Order, or Order and Final Judgment.

6.3.     Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has or will be acting; and (c) comply (and ensure their client's compliance) with each of the objection requirements set forth in the Preliminary Approval Order.

6.4.     No Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually, by representative, or through separate counsel), unless their timely objection or comment states their intention to appear at the Final Approval Hearing.

7.      **ATTORNEYS' FEES AND SERVICE AWARD**

7.1.    In accord with Rule 23(h) of the Federal Rules of Civil Procedure and relevant case law, Settlement Class Counsel may apply to the Court for an award of its reasonable attorneys' fees to be determined and approved by the Court.  Settlement Class Counsel agrees to seek a reasonable attorneys' fee consistent with the factors applicable in the U.S. District Court for the District of Colorado.  Grubhub will not oppose such a request of reasonable attorneys' fees, costs, and expenses up to $450,000.  This Agreement does not preclude Settlement Class Counsel, in its sole discretion, from seeking an award greater than $450,000 should they deem it reasonable based on the complexity of the settlement approval process.  Grubhub reserves the right to object to any request for an award of attorneys' fees, costs, and expenses above $450,000, if Grubhub, in its sole discretion, believes such request is unreasonable.

7.2.    Plaintiff may simultaneously apply to the Court for a Service Award not to exceed $5,000 for its participation as Settlement Class representative, for taking on the risks of litigation, and for settlement of its individual claims as Plaintiff in this Action.  Grubhub will not oppose a request for a Service Award to Plaintiff of up to $5,000.

7.3.    Plaintiff and Settlement Class Counsel will file with the Court their motion for an award of attorneys' fees and for a Service Award at least twenty-one (21) days prior to the Final Approval Hearing.  If approved by the Court, Grubhub shall pay to Settlement Class Counsel the awarded attorneys' fees and Service Award within thirty (30) business days following the date of Final Approval. Plaintiff and Settlement Class Counsel agree to provide Grubhub all identification information necessary to effectuate the payment including, but not limited to, Taxpayer Identification Number(s) and completed Internal Revenue Service Form W-9(s).  Neither Settlement Class Counsel nor Plaintiff shall be entitled to interest on such amount at any time.

7.4.    Court approval of a Service Award, of an award of attorneys' fees, and/or of the amount of any such awards are not conditions of the Settlement.  The procedure for and the allowance or disallowance by the Court of any application for a Service Award and/or any attorneys' fees are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and

adequacy of the Settlement as set forth in this Agreement.  Any order, finding, ruling, holding, appeal, reversal, modification, or proceeding relating to any such applications for a Service Award or for attorneys' fees shall not operate to terminate or cancel this Agreement or otherwise affect or delay the finality of the Order and Final Judgment.

7.5.    Except for amounts to be paid to Settlement Class Counsel and Plaintiff as specifically provided in this Section 7, Grubhub does not agree to pay and shall not be responsible or liable for the payment of any attorneys' fees, costs, or expenses of Settlement Class Counsel, Plaintiff, the Settlement Class, any Settlement Class Member, any person or entity that may object to the Settlement or Agreement, or any attorney who may represent any person or entity that may object to the Settlement or Agreement, in connection with the Action, Settlement, or any claim that was or could have been alleged in the Action.

## 8.    **FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER**

8.1.    By the date specified in the Preliminary Approval Order, Plaintiff shall move the Court for entry of an Order and Final Judgment (substantially in the form attached hereto as Exhibit B), as contemplated by Rule 23(e) of the Federal Rules of Civil Procedure.  The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

8.2.    A Final Approval Hearing will be held on a date approved by the Court no earlier than ninety (90) days after Grubhub completes service of the CAFA Notice, as set forth in Section 5.  The date, time, and place of the Final Approval Hearing will be set forth in the Preliminary Approval Order, which will both further note that the date and time are subject to change, and that any change will be noted on the Court's docket.

8.3.    At the Final Approval Hearing, Plaintiff, by and through Settlement Class Counsel, shall request entry of the Order and Final Judgment that, among other things, will:

8.3.1    Certify the Settlement Class solely for purposes of the Settlement;

8.3.2    Approve the Settlement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and direct its implementation according to its terms;

8.3.3    Find that the level of notice provided to the Settlement Class, if any, fully satisfied the requirements of due process and the Federal Rules of Civil Procedure;

8.3.4    Confirm that Plaintiff and Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute any of the Released Claims against any Released Party;

8.3.5    Direct that judgment be entered immediately dismissing the claim asserted in the Action on the merits and with prejudice and ruling that no costs or fees be assessed on any Party beyond the attorneys' fees provided for under Section 7 of this Agreement; and

8.3.6    Retain jurisdiction over the Action, including all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement.

## 9.    **EFFECTIVE DATE AND TERMINATION**

9.1.    The Effective Date shall be the date when the Order and Final Judgment becomes Final or, in the event that the Court enters an order and final judgment in a form other than the Order and Final Judgment ("Alternative Judgment") and none of the Parties elect to terminate the Settlement, the date that such Alternative Judgment becomes Final.

9.2.    Grubhub and Plaintiff each shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order or makes material changes thereto; (b) the Court refuses to approve the Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified, or reversed in any material respect; (e) an Alternative Judgment is vacated, modified, or reversed in any material respect; or (f) the Effective Date otherwise does not occur.

9.3.     Except as otherwise provided herein, in the event the Settlement and this Agreement are terminated or the Effective Date fails to occur for any reason, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of execution of this Agreement; the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement; and any order certifying the Settlement Class for purposes of effectuating the Settlement or otherwise issuing preliminary and/or final findings regarding class certification shall be automatically vacated upon notice of the same to the Court.

9.4.     No Party nor its counsel shall refer to or invoke a vacated finding and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement and Agreement are not consummated and the Action is later litigated and contested by Grubhub.

## 10.     **MISCELLANEOUS**

10.1.     The Parties acknowledge that this Agreement is entered into in settlement and compromise of disputed claims.  It is expressly acknowledged and agreed that nothing in this Agreement shall constitute or be construed as an admission of any issue of law, fact, or liability on the part of Grubhub, nor should anything in this Agreement be deemed an acknowledgement as to the validity of any claim asserted against Grubhub in the Action.  Grubhub specifically denies the underlying material allegations in the Action and any and all liability to Plaintiff or the Settlement Class.

10.2.     The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Agreement.

10.3.     All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Agreement and the terms of any exhibit hereto, the terms of this Agreement shall prevail.

10.4.     This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Settlement Class Counsel and Defense Counsel on behalf of all

Parties or their successors-in-interest.  The waiver or breach by any of the Parties of any provision of this Agreement shall not be deemed a waiver or breach of any other provision.

10.5.    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiff or any Settlement Class Member against any and all of the Released Parties with respect to the Released Claims.  The Parties agree that the terms and consideration provided under this Agreement were negotiated at arm's length in good faith by the Parties with the assistance of the well-respected Mediator, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

10.6.    The time periods and dates described in this Agreement with respect to the giving of notices, hearings, and court filings are subject to approval and change by the Court or by the written agreement of Settlement Class Counsel and Defense Counsel.

10.7.    If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or Court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

10.8.    The terms and conditions set forth in this Agreement, including the exhibits hereto, constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of the Settlement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend this Agreement to constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.

10.9.    The construction, interpretation, operation, effect, and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

10.10.   The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  The rule that any uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.  This Agreement shall not be construed more strictly against one of the Parties than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Agreement is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

10.11.   This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including any and all Released Parties and any corporation, partnership, or other entity into or with which any of the Parties may merge, consolidate, or reorganize.

10.12.   Except as expressly provided herein, each of the Parties shall bear its own attorneys' fees and expenses in connection with the Action, this Agreement, and the Settlement.

10.13.   Each counsel signing this Agreement represents that such counsel has authority to sign this Agreement on behalf of Plaintiff or Grubhub, as the case may be, and that they have the authority to take appropriate action required to effectuate this Agreement by its terms.

10.14.   Neither Plaintiff, Settlement Class Counsel, Grubhub, nor Defense Counsel shall conduct a press conference or issue a press release in connection with the Settlement or publicize it in any way, and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Action other than statements that are fully consistent with this Agreement.  Nothing in this Agreement or Settlement restricts: (a) Settlement Class Counsel from responding to inquiries from putative Settlement Class Members or their representatives regarding the Settlement; or (b) any release or disclosure that, in the reasonable opinion of Grubhub or Defense Counsel, is necessary in order for Grubhub to perform its obligations under this Agreement, exercise Grubhub's rights (whether under this Agreement or otherwise), or comply with any applicable law or order of court.  Nothing in this Agreement or Settlement restricts either Party from

providing accurate copies of publicly available Court filings in response to inquiries.  If the Parties are contacted by the press, media, or any industry association, they will respond only that this Action has been amicably resolved to the Parties' mutual satisfaction.

10.15.   Grubhub and Plaintiff, for themselves and on behalf of each of their agents, attorneys, employees, contractors, representatives, officers, directors, divisions, suppliers, parents, subsidiaries, affiliates, assigns, beneficiaries, successors, predecessors, accountants, and shareholders, each in their respective capacities as such, shall agree not to disparage each other.

10.16.   The Parties agree to the stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement, pending the issuance of the Order and Final Judgment by the Court.

10.17.   The administration, consummation, and enforcement of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Parties intend that the Court will retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees, awarding a Service Award, and enforcing the terms of this Agreement and the Settlement.

10.18.   Notices required by this Agreement shall be submitted by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

10.19.   This Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via electronic mail.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

10.20.   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.21.   Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against the Released Parties that Plaintiff has or may have arising out of any allegations made in the Action or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for

Plaintiff in any manner.  Plaintiff further represents and warrants that no person other than Plaintiff has, as to Plaintiff's own claims, any legal or equitable interest in Plaintiff's claims, demands, actions, or causes of action referred to in this Settlement and Agreement.

10.22.   The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement and Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement or Agreement on the grounds of mistake.  Moreover, the Parties understand, agree, and expressly assume the risk that any fact that is not recited, contained, or embodied in this Agreement may turn out to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement and Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

10.23.   The Recitals are an integral and material part of this Agreement and are incorporated in full herein.

The Parties have caused this Agreement to be executed by their duly authorized attorneys as of April 16, 2021.

CO CRAFT, LLC

By: _____
      Erik Riggs (Apr 16, 2021 11:12 MDT)
      ERIK RIGGS
      Its Owner


LIDDLE & DUBIN, P.C.            COZEN O'CONNOR

_____         _____
Laura L. Sheets (Apr 16, 2021 13:17 EDT)

Laura L. Sheets, #P63270         Michael W. McTigue Jr.
975 East Jefferson Avenue        Meredith C. Slawe
Detroit, MI 48207                Mira E. Baylson
Telephone: (313) 392-0015       One Liberty Place
Facsimile: (313) 392-0025        1650 Market Street, Suite 2800
lsheets@ldclassaction.com      Philadelphia, PA 19103
                              Telephone: (215) 665-2000
                              Facsimile: (215) 665-2013

THE LAW OFFICES OF ROSS ZIEV, P.C.

*Ross Ziev*

_____

Ross Ziev
6795 East Tennessee Avenue
Suite 210
Denver, CO 80224
Telephone: (303) 351-2567
Facsimile: (720) 669-6992
ross@helpincolorado.com

*Attorneys for Plaintiff CO Craft, LLC
d/b/a Freshcraft*

mslawe@cozen.com
mmctigue@cozen.com
mbaylson@cozen.com

Jean Marie French
707 17th Street, Suite 3100
Denver, CO 80202
Telephone: (720) 479-3860
Facsimile: (720) 459-6134
jfrench@cozen.com

*Attorneys for Defendant Grubhub Inc.*