IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-01327-RMR-NYW

CO CRAFT, LLC,
d/b/a Freshcraft,

    Plaintiff,

v.

GRUBHUB, INC.,

    Defendant.

## ORDER

Pending before the Court are the Motion to Intervene by Lynn Scott, LLC and the Farmer's Wife, LLC, ECF No. 40, and the Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 47. For the reasons stated below, the Court GRANTS the Motion to Intervene, ECF No. 40, and DENIES WITHOUT PREJUDICE the Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 47.

### I. BACKGROUND

On May 11, 2020, Plaintiff CO Craft, LLC, doing business as Freshcraft, filed a Class Action Complaint and Jury Demand, ECF No. 1, against Defendant Grubhub, Inc., alleging that Defendant "has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their services and the services of many restaurants, including those of the Plaintiff." ECF No.

1 ¶ 45.  The Complaint alleged that the misstatements and/or misleading statements included:

  a. Advertising that consumers can use Grubhub to order delivery or pickup from restaurants and/or omitting that Grubhub is not contracted or authorized to do so.

  b. Advertising that consumers can use Grubhub to find monthly deals for restaurants and/or omitting that Grubhub is not authorized to and does not actually display any monthly deals from these restaurants.

  c. Providing false information about the status of restaurants as "Closed" or "Not currently taking online orders" and/or omitting that those restaurants are open and taking online orders outside the Grubhub platform.

*Id.* ¶ 46.  Plaintiff alleged that these "false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a)." *Id.* ¶ 52.

Plaintiff proposed a class defined as follows:

All restaurants in the United States or its territories that Grubhub created landing pages for falsely advertising the restaurant as being closed or not accepting online orders when the restaurants were open and accepting online orders.  Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of either Defendant; (b) governmental entities; and (e) the Court, the Court's immediate family, and Court staff.

*Id.* ¶ 35.  Plaintiff sought the following remedies for the alleged violations of the Lanham Act:

- "actual damages and equitable monetary relief (including restitution) to Plaintiff and class members and/or . . . disgorge[ment] [of] profits [that Defendant] realized as a result of their unlawful conduct," *id.* at 16 ¶ 2;

- "treble damages pursuant to the Lanham Act," *id.* at 16 ¶ 3;

- "[a] [d]eclar[ation] [that] Defendant's conduct [was] unlawful," *id.* at 16 ¶ 4; and

- "an order enjoining Defendant from continuing to engage in the conduct alleged," *id.* at 16 ¶ 4.

In September of 2020, the parties in this case agreed to attend mediation with a mediator with the Judicial Arbitration and Mediation Services (JAMS). ECF No. 47 at 5. They attended a virtual mediation on October 29, 2020 and two full-day mediations on December 17, 2020 and January 8, 2021. *Id.*

On October 26, 2020, Lynn Scott, LLC and The Farmer's Wife, LLC filed a Class Action Complaint against Grubhub Inc. in the Northern District of Illinois (the "*Lynn Scott* case"). ECF No. 40-1. The complaint in that action alleged that "Grubhub has violated the Lanham Act by using restaurant names and logos without authorization and in a manner likely to confuse consumers." *Id.* ¶ 7. The *Lynn Scott* complaint alleges that "Grubhub . . . create[s] landing pages for unaffiliated restaurants that claim the restaurant is not accepting orders and suggesting one of Grubhub's partner restaurants as an alternative. Grubhub does this even if the restaurant is open and accepting orders." *Id.* ¶ 74.

Plaintiffs in the *Lynn Scott* case propose the following class definition:

> All restaurants included without their permission on Grubhub, Seamless, LevelUp, AllMenus, MenuPages, or any other part of the Grubhub online platform[, excluding] . . . . Defendant, its current or former officers, directors, legal representatives, and employees; any and all parent companies, subsidiaries, predecessors, successors, or assigns of Defendant; and all judicial officers and associated court staff assigned to this case and their immediate family members.

*Id.* ¶¶ 97, 98. The complaint in the *Lynn Scott* case seeks, "[p]ursuant to 15 U.S.C. § 1117, . . . an award of defendant's profits, damages according to proof and as the Court

3

may allow, costs of suit, and attorney's fees" and "injunctive relief prohibiting Grubhub from including unaffiliated restaurants on its platform pursuant to 15 U.S.C. § 1116, or requiring Grubhub to take appropriate affirmative steps to avoid customer confusion." *Id.* ¶¶ 111–12; *see also id.* ¶ 7 ("Plaintiffs seek a judgment . . . ordering that Grubhub cease its unlawful conduct, turn over its ill-gotten gains, and pay damages to the restaurants it has harmed").

On January 29, 2021, Plaintiff in this action, Freshcraft, filed a Notice of filing an Amended Complaint. ECF No. 35. Freshcraft's Amended Complaint, ECF Nos. 35-1, 35-2, proposes the following new class definition:

> All restaurants in the United States or its territories that <u>were listed or otherwise included by Grubhub on Grubhub platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub platforms at any time from May 11, 2016, to the present</u>. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of either Defendant; (b) governmental entities; and (e) the Court, the Court's immediate family, and Court staff.

ECF No. 35-1 ¶ 34 (emphasis added); ECF No. 35-2 ¶ 34. On the same day that Plaintiff Freshcraft filed the Amended Complaint in this action, Grubhub filed a motion in the Northern District of Illinois to stay the *Lynn Scott* case. *See* ECF No. 52 at 10.

On February 24, 2021, Plaintiff Freshcraft filed a Stipulation and Proposed Order Regarding Settlement, ECF No. 36, in this case stating that the parties in this action had reached a class-wide settlement subject to the Court's approval. ECF No. 36 at 1. The parties further stipulated and agreed that all deadlines in the case should be vacated and that they would file a motion for preliminary approval of the Settlement with forty-five days.

4

*Id.* at 2.  The Court ordered that they file a motion for preliminary approval of settlement by April 16, 2021.  ECF No. 38.

On March 18, 2021, Lynn Scott, LLC and The Farmer's Wife, LLC filed their present Motion to Intervene, ECF No. 40.  On March 23, 2021, the proposed intervenors filed a Notice of Supplemental Authorities, attaching an order from the Northern District of Illinois staying the *Lynn Scott* case.  ECF No. 43.  Defendant Grubhub and Plaintiff Freshcraft filed Responses in opposition to the Motion to Intervene on April 7 and 8, 2021.  ECF Nos. 44, 45.  On April 21, 2021, the proposed intervenors filed a reply in support of their motion to intervene.  ECF No. 49.

Meanwhile, on April 16, 2021, the parties in this action filed their Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 47.  Proposed intervenors Lynn Scott, LLC and The Farmer's Wife, LLC, on behalf of themselves and "30 additional restaurant owners," filed an Opposition to Preliminary Approval of Class Settlement.  ECF No. 52.  Both parties in this action filed replies in support of the Unopposed Motion for Preliminary Approval of Class Action Settlement on May 21, 2021, ECF Nos. 53, 54.  This action was reassigned to the undersigned on July 6, 2021.  ECF No. 55.  The pending motions are ripe for consideration.

## II.    LEGAL STANDARDS

### A.    Preliminary Approval of Class Action Settlement

Approval of a class action settlement takes places in two steps.  *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015) (Arguello, J.) (citing Newberg on Class Actions § 13:12 (5th ed.)).  In the first step, "the Court makes a preliminary determination

5

regarding the fairness, reasonableness, and adequacy of the settlement terms." *Id.*; *see also Ross v. Convergent Outsourcing, Inc.*, 323 F.R.D. 656, 659 (D. Colo. 2018) (Brimmer, J.) ("In the first stage, the court preliminarily certifies a settlement class, preliminarily approves the settlement agreement, and authorizes that notice be given to the class so that interested class members may object to the fairness of the settlement or opt out of the settlement."). "The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a [final] fairness hearing." *Rhodes*, 308 F.R.D. at 666 (quoting *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) (Kane, J.)).

"The second step involves a final fairness hearing, at which point class objectors (if any) may provide testimony, and the Court again decides whether the settlement is fair, reasonable, and adequate." *Id.*; *see also Ross*, 323 F.R.D. at 659 (citing Fed. R. Civ. P. 23(e)(2); *Rutter & Wilbanks Corp. v. Shell Oil Corp.*, 314 F.3d 1180, 1188 (10th Cir. 2002)) ("In the second stage, after notice is given to the putative class, the court holds a fairness hearing at which it will address the fairness, reasonableness, or adequacy of the settlement terms."). "A proposed settlement of a class action should therefore be preliminarily approved where it 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, [and] does not improperly grant preferential treatment to class representatives.'" *Ross*, 323 F.R.D. at 659 (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012)).

### B. Intervention as of Right

Under Federal Rule of Civil Procedure 24(a)(2), "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit has held that "a movant may intervene as a matter of right if '(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties.'" *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (quoting *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005)). The Tenth Circuit "follow[s] a somewhat liberal line in allowing intervention." *Barnes v. Security Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019).

### C. Permissive Intervention

Under Federal Rule of Civil Procedure 24(b)(1)(B), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "a matter within the district court's discretion." *City of Sitwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (quoting *Kiamichi R.R. Co. v. National Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993)). A decision to allow permissive intervention will not be reversed on appeal "absent a clear abuse of discretion." *Id.*

7

### III. ANALYSIS

Upon review of the proposed class settlement, the Court denies without prejudice preliminary approval and permits intervention. The arguments raised by the proposed intervenors raise questions about whether the settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2); whether "disposing of the action may as a practical matter impair or impede the [proposed intervenors'] ability to protect [their] interests, Fed. R. Civ. P. 24(a)(2); and whether the proposed intervenors "ha[ve] a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(2).

#### A. The Proposed Settlement Includes the Release of Equitable Claims

The Proposed Settlement releases, on behalf of the entire proposed Settlement Class:

> any and all claims or causes of action under any theory for injunctive, **other equitable**, or declaratory relief, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise, that relate in any way to alleged false, inaccurate, or misleading statements, advertisements, or representations, or use of any Settlement Class Member's names, logos, or other intellectual property, by any one or more of the Released Parties ("Class Released Claims"). The Class Released Claims include any and all claims for injunctive, **other equitable**, or declaratory relief **under the Lanham Act** or other federal, state, or local laws, and any claims for injunctive, **other equitable**, or declaratory relief that arise out of or relate in any way to the transactions, occurrences, events, conduct, practices, or policies alleged, or that could have been alleged, in the Action or any other action alleging similar claims that has been brought, could have been brought, or is currently pending, in any court or arbitration proceeding. **The Class Released Claims expressly exclude any claims for actual damages.**

ECF No. 47-1 ¶ 3.2.2 (emphasis added).

In exchange for this and other releases, the Proposed Settlement provides that Grubhub agrees to enter into a stipulated order providing the Settlement Class with injunctive relief within 90 days after Final Approval that would: (i) allow restaurants to request removal from Grubhub platforms and/or updates to the information listed about the restaurants on Grubhub platforms; (ii) prohibit Grubhub from stating without qualification that a restaurant is "not accepting online orders," unless indicated by the restaurant, itself; (iii) require Grubhub to update its Terms of Use to provide that mobile app users should install the latest version of the mobile app for the most up-to-date information; (iv) require Grubhub to add information to business-facing Frequently Asked Questions; (v) require Grubhub to add a disclaimer to Landing Pages; and (vi) prohibit Grubhub from including language under "an HTML <meta> element" that states that it is offering services in connection with a restaurant that it is not offering.  *Id.* ¶ 3.1.1.  The parties emphasize that, other than a service award to the named Plaintiff in this action, the Proposed Settlement does not include any form of monetary relief to the proposed Settlement Class.  *See id.*; *see also* ECF No. 44 at 4 ("Freshcraft seeks injunctive relief on behalf of this class . . . ."); ECF No. 45 at 13 ("Potential class members may enjoy the substantial injunctive relief provided by the settlement . . . ."); ECF No. 53 at 2 ("The Settlement provides the proposed Settlement Class with substantial injunctive relief that will include additional disclaimers and the ability to easily control their presence on Grubhub Platforms."); *Id.* at 10 n.9 (quoting *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, No. 17-2911, 2019 WL 343472, at *3 (N.D. Cal. Jan. 28, 2019)) ("[T]he

settlement is for injunctive relief purposes only."); ECF No. 54 at 2 ("Here, the proposed Settlement Agreement expressly seeks and achieves only injunctive relief.").

Although the Proposed Settlement provides a procedure for objections, ECF No. 47-1 ¶¶ 6.1–6.4, it notes that because the Settlement Class Members "are not releasing claims for actual damages," the parties stipulate that "notice and opt-out rights do not apply and are not necessary to comport with due process or the Federal Rules of Civil Procedure," *id.* ¶ 3.4.

Consistent with the proposed class definition in the Amended Complaint, ECF No. 35-1 ¶ 34, the Proposed Settlement defines the "Settlement Class" as:

> all Covered Restaurants in the United States or its territories that were listed or otherwise included by Grubhub on the Grubhub Platforms at any time during the Class Period. Excluded from the class are: (a) all persons who are employees, directors, officers, or agents of Grubhub; (b) government entities; and (c) the Court, the Court's immediate family, and Court staff.

ECF No. 47-1 ¶ 1.22. The Proposed Settlement further defines "Covered Restaurant" to mean "any restaurant, convenience store, market, grocery store, or other food service business that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on the Grubhub Platforms during the entire Class Period." *Id.* ¶ 1.6. The "Class Period" is defined as "May 11, 2016 until Final Approval" by the Court under Rule 23(e) of the Federal Rules of Civil Procedure. *Id.* ¶¶ 1.3, 1.10.

### 1. Disgorgement of Profits under the Lanham Act Requested in the *Lynn Scott* Case Is Equitable in Nature.

Under its terms, the Proposed Settlement Agreement releases all equitable claims that could be brought by any member of a Settlement Class that encompasses the parties and putative class in the *Lynn Scott* case, without providing monetary relief. However,

10

the complaint in the *Lynn Scott* case requests "an award of defendant's profits," ECF No. 40-1 ¶ 111; *see also id.* ¶ 7, and as the proposed intervenors point out, a claim for disgorgement of profits under the Lanham Act, 15 U.S.C. § 1117(a), is equitable in nature. ECF No. 52 at 12 (citing *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015)).

Indeed, the text of the Lanham Act provides that if a plaintiff establishes that a violation of the Act occurred, then:

> [T]he plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and **subject to the principles of equity**, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its discretion. . . . If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. . . .

15 U.S.C. § 1117(a) (emphasis added). Further, both the Tenth Circuit and the Seventh Circuit have also held that relief in the form of disgorgement of profits under the Lanham Act is equitable in nature. *See, e.g.*, *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013) (citing *Bishop v. Equinox Int'l Corp.*, 154 F.3d 1220, 1222 (10th Cir. 1998)) ("Under the Lanham Act, plaintiffs must show either actual damages or willful action on the part of the defendant as a prerequisite to recover disgorgement of profits. . . . In addition, because disgorgement of profits is an **equitable remedy**, the district court must weigh '**principles of equity**' before awarding disgorged profits.") (emphasis added); *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1092 (7th Cir. 1994) ("The Lanham Act allows the district court a wide range of legal and **equitable remedies** for a violation of the Act. . . . Disgorgement initially developed as a remedy to

11

provide a plaintiff **relief in equity**, to serve as a proxy for damages, or to deter the wrongdoer from continuing his violations.") (emphasis added); *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1349 (7th Cir. 1994) (quoting *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989)) ("The Lanham Act specifically provides for the awarding of profits in the discretion of the judge subject only to **principles of equity**. . . . Profits are awarded under different rationales including unjust enrichment, *deterrence*, and compensation.") (bolding added; italics in original).

### 2. The Preservation of Monetary Relief Does Not Resolve this Issue.

The parties here purport to preserve claims for monetary relief by the Settlement Class. See ECF No. 54 at 10 n.9 ("[C]lass members do not release claims to monetary damages."); *id.* at 2 ("[T]he Settlement Agreement does not in any way prevent Objectors from seeking or obtaining monetary damages arising from their separate claims pending before another court. . . . [A]ny claims for monetary relief would remain unaffected, and not released, if the proposed settlement were approved."). However, contrary to the parties' arguments, by releasing any equitable relief that could be brought by any member of the Settlement Class without securing any monetary relief, the proposed Settlement here would likely preclude the *Lynn Scott* plaintiffs and putative class from pursuing monetary relief under the Lanham Act, particularly in the form of disgorgement of profits, which courts have held is relief that is equitable in nature.

For this reason, the Court finds that there appears to be a "deficienc[y]" in the parties' understanding of the terms of the Proposed Settlement, which provides at least one "reason not to notify the class members of the proposed settlement and to proceed

with a [final] fairness hearing." *Rhodes*, 308 F.R.D. at 666; *Ross*, 323 F.R.D. at 659. Therefore, the proposed settlement agreement does not warrant preliminary approval until the parties have addressed this issue, and the Court denies the parties' motion without prejudice.

## B. Intervention as of Right

For similar reasons, the Court finds that the proposed intervenors have shown that they have an interest in the matters at issue; that disposing of the action without their intervention may impair their ability to protect their interests; and that representation of the proposed intervenors' interests "may be inadequate." *See Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) ("[T]he likelihood of a divergence of interest 'need not be great' to satisfy the requirement."); *Tyson Foods*, 619 F.3d at 1231; *see also, e.g.*, *Ross*, 323 F.R.D. at 661–62 (denying without prejudice a motion for preliminary approval of a class action settlement and granting intervention where proposed intervenors argued that "the settlement would result in 'little to no actual recovery' and the settlement would impair their ability to pursue meaningful recovery").

The parties here argue that the motion to intervene was not timely and therefore should be denied. ECF No. 44 at 3, 6–8; ECF No. 45 at 2, 6–8; *see Tyson Foods*, 619 F.3d at 1231 ("[A] movant may intervene as a matter of right if . . . the [motion] is timely."). However, the proposed intervenors filed their motion to intervene approximately one-and-a-half months after Plaintiff Freshcraft filed its Amended Complaint expanding the proposed class definition to include the *Lynn Scott* plaintiffs, and only three weeks after

13

the parties here announced that they had settled the claims in this action. ECF Nos. 35, 36, 40; *see* ECF No. 40 at 8–9; ECF No. 49 at 3–5. The Tenth Circuit "measure[s] delay from when the movant was on notice that its interests may not be protected by a party already in the case." *Tyson Foods*, 619 F.3d at 1232. "[A] potential party could not be said to have unduly delayed in moving to intervene if its interests had been adequately represented until shortly before the motion to intervene." *Id.*; *see also, e.g.*, *Klitzke v. DCP Midstream, LLC*, No. 19-cv-03207-CMA-NYW, 2020 WL 6546727, at *2 (D. Colo. Nov. 6, 2020) (Arguello, J.) (collecting cases) ("[C]ourts in this Circuit have allowed intervention in cases of two to five months of delay."). Therefore, the Court cannot find that the proposed intervenor's motion, filed less than two months after their interests were implicated, was untimely here.

### C.     Permissive Intervention

Regarding permissive intervention under Rule 24(b)(1)(B), the Court finds that the proposed intervenors have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In fact, the parties here have emphasized the similarity of the claims between this action and the *Lynn Scott* case. *See* ECF No. 44 at 5 ("Movants commenced their overlapping putative nationwide class action arising from the same alleged practices at issue here. . . . The U.S. District Court for the Northern District of Illinois has since confirmed that this action and *Scott* seek to address overlapping issues and relief."); ECF No. 45 at 4 ("Movants filed a putative class action in the Northern District of Illinois against Grubhub on October 26, 2020, premised upon substantially similar allegations as contained in the instant Complaint, alleging causes of

action under the Lanham Act."); ECF No. 53 at 3 ("[T]he proposed Settlement relief is **the exact injunctive relief** sought by the *Scott* Plaintiffs.") (emphasis in original); *see also* ECF No. 43-1 at 9–10 (the U.S. District Court for the Northern District of Illinois noting, in its order granting a stay based on its inherent power to manage its docket, that "the Colorado class potentially overlaps or subsumes the putative class in this case"; that "both suits complain of some of the same misconduct"; and that "there is . . . overlap" between the two actions).

Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As discussed above, the Court finds that the motion to intervene was not unduly delayed and would therefore not prejudice the timely adjudication of these parties' rights. Therefore, the Court concludes, in its discretion, that permissive intervention is also appropriate.

## IV.     CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Intervene by Lynn Scott, LLC and The Farmer's Wife, LLC, ECF No. 40, and DENIES WITHOUT

PREJUDICE the Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 47.

DATED: July 28, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge