## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01327-NYW-NRN

CO CRAFT, LLC d/b/a Freshcraft, and
ARBORZ, LLC d/b/a The Piper Inn, on behalf of themselves and all others similarly
situated,

       Plaintiffs,

LYNN SCOTT, LLC, and
THE FARMER'S WIFE,

       Plaintiff-Intervenors,

v.

GRUBHUB INC.,

       Defendant.

---

## MINUTE ORDER

---

Entered by Judge Nina Y. Wang

    This matter is before the Court on Plaintiffs' Unopposed Motion for Voluntary Dismissal Pursuant to Rule 23(e) and Rule 41(a)(1)(A)(ii) (the "Motion to Dismiss") [Doc. 139] and the Stipulation of Voluntary Dismissal (the "Stipulation") [Doc. 138]. In the Motion to Dismiss, Plaintiffs CO Craft, doing business as Freshcraft ("Freshcraft"), and Arborz LLC, doing business as The Piper Inn ("The Piper Inn") (collectively, "Plaintiffs"), seek leave of Court to dismiss their individual claims with prejudice and the class allegations without prejudice under Rules 23(e) and 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. [Doc. 139 at 1]. Defendant Grubhub Inc. ("Grubhub") does not oppose the requested relief. [*Id.*]. Lynn Scott, LLC and The Farmer's Wife (collectively, "Intervenors") filed a Response to Plaintiffs' Motion to Dismiss Class Claims, wherein they "agree that the class claims should be dismissed," but request that the Court's dismissal order contain additional requirements of Plaintiffs. *See* [Doc. 143 at 2].

    ***Background.*** The Court has previously set out the factual and procedural background of this case in detail, *see* [Doc. 91 at 1–5], and repeats it here only as necessary for purposes of this Minute Order. In this case, Plaintiffs assert individual and class claims against Grubhub alleging that Grubhub "has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding their services and the services of many restaurants, including

those of the Plaintiffs."  [Doc. 74 at ¶ 53].  They assert class claims on behalf of the following class:

> All restaurants in the United States or territories that were listed or otherwise included by Grubhub on Grubhub platforms that did not have an unterminated contract, partnership, or other agreement to be listed or otherwise included on Grubhub platforms at any time from May 11, 2016, to the present. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of either Defendant; (b) governmental entities; and (e) the Court, the Court's immediate family, and Court staff.

[*Id.* at ¶ 42].  The case was originally brought only by Freshcraft, *see* [Doc. 1], which filed a Notice of Settlement on February 24, 2021.  [Doc. 36].  Freshcraft then moved for preliminary approval of the class settlement, but preliminary approval was denied by the Honorable Regina M. Rodriguez.  *See* [Doc. 47; Doc. 63].  Judge Rodriguez also permitted the Intervenors to intervene in this case "to protect their interests, including by conducting discovery into the adequacy of Freshcraft's representation of those interests and the fairness of the settlement negotiated on their behalf."  [Doc. 40 at 1].[1]

On September 19, 2022, Plaintiffs filed a Second Amended Complaint that added The Piper Inn as a Plaintiff in this matter, [Doc. 74], and Plaintiffs again moved for preliminary certification of the class and preliminary approval of the settlement, [Doc. 76].  That motion was opposed by Intervenors.  [Doc. 80].  This Court granted Plaintiffs' request in part, deciding to preliminarily certify the class for settlement purposes only and preliminarily appoint class counsel, but denying preliminary approval of the Parties' proposed settlement agreement.  [Doc. 91 at 49].  Specifically, this Court found that although preliminary approval of the substance of the bulk of the proposed Settlement Agreement was appropriate, this Court was concerned regarding the scope and communication of the release of claims and the lack of notice of the proposed settlement to class members.  [*Id.* at 48].  The Court also inquired as to the status of Freshcraft.  [*Id.* at 48–49].  The Court granted Plaintiffs leave to file a renewed motion for preliminary approval.  [*Id.* at 49].  Thereafter, the Parties filed a Notice of Termination of Settlement, informing the Court that they no longer intended to pursue settlement of the class claims.  [Doc. 101].  Then, on November 1, 2023, Plaintiffs filed the instant Motion, seeking Court approval of the voluntary dismissal of Plaintiffs' individual claims with prejudice and the class claims without prejudice.  [Doc. 139].  The Intervenors responded on November 13, 2023, indicating that they do not oppose the dismissal, but that they seek certain relief, including sending notice of the voluntary dismissal to all class members who contacted Plaintiffs' counsel following the filing of this action; disclosure of the individual settlements

---

[1] The Intervenors had filed a class action complaint against Grubhub in the United States District Court for the Northern District of Illinois on October 26, 2020 (the "*Lynn Scott* case").  *See* [Doc. 40-1].  The complaint in the *Lynn Scott* case alleges violations of the Lanham Act based on Grubhub's alleged unauthorized use of restaurant names and logos.  [*Id.* at ¶ 7].

with Grubhub; and production of all documents concerning settlement communications, including drafts of settlement agreement and settlement proposals.  [Doc. 143].  Upon request of Plaintiffs, this Court held a Telephonic Status Conference on November 14, 2023 to discuss the requested dismissal and the relief sought by the Intervenors.  [Doc. 141; Doc. 144].

***Legal Standards.***  Rule 41(a)(1)(A)(ii) provides that the plaintiff may dismiss an action without a court order by "filing a stipulation of dismissal signed by all parties who have appeared."  Here, the Stipulation is not signed by Intervenors, and the Parties have directed the Court to no authority demonstrating that the Stipulation is self-effectuating even absent consent of Intervenors.  *See* [Doc. 138].  While the Court could locate no Tenth Circuit authority on this issue, the Court notes that other courts have held that Rule 41 requires the signatures of all parties, including third parties, such as intervenors.  *See, e.g.*, *Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 613 (2012).  Accordingly, in an abundance of caution, the Court will construe the Stipulation as a motion for voluntary dismissal under Rule 41(a)(2), which states that "an action may be dismissed at the plaintiff's request . . . by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quotation omitted).  "Absent legal prejudice to the [other parties], the district court normally should grant such a dismissal."  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quotation omitted).

"In class action cases, voluntary dismissals are also governed by Rule 23(e), under which the Court must approve dismissal."  *LaVigne v. First Cmty. Bancshares, Inc.*, No. 1:15-cv-00934-KWR-LF, 2021 WL 4477921, at *1 (D.N.M. Sept. 30, 2021).  Indeed, claims of a certified class "may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e); *but see Lee v. CVS Pharmacy, Inc.*, No. 3:20-cv-01923-BEN-DEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) ("[W]here the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss.").

"In determining whether to approve a voluntary dismissal under Rule 23(e), the Court must examine whether the plaintiff class would be prejudiced by the voluntary dismissal."  *LaVigne*, 2021 WL 4477921, at *3.  In evaluating potential prejudice, the Court must consider

(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.* (quoting *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)).

   ***Dismissal Under Rule 23(e) is Appropriate.***  Considering the above factors, the Court finds that the voluntary dismissal of Plaintiffs' claims and the class claims is appropriate.  Plaintiffs assert that notice has not yet been sent out to class members, so there is no substantial risk that class members will be relying on the filing of this action. [Doc. 139 at 6].  Intervenors do not dispute that class members never received notice. [Doc. 143 at 8].  And given Plaintiffs' representation that they intend to contact the restaurants who contacted Plaintiffs' counsel's firm, discussed below, the Court finds that there is not a substantial risk that class members will be prejudiced by relying on the filing of this action.

   Second, the Court considers whether class members may be prejudiced by an expired statute of limitations.  *LaVigne*, 2021 WL 4477921, at *3.  Plaintiffs assert that the *Lynn Scott* case eliminates any risk that the class members will be prejudiced by an expired statute of limitations.  [Doc. 139 at 6].  Intervenors agree that "[t]he statute of limitations does not pose a realistic threat of prejudice to class members here," reasoning that "the Lanham Act does not contain a statute of limitations and, if needed, class members will remain eligible for . . . tolling due to Intervenors' ongoing class action" in the *Lynn Scott* case.  [Doc. 143 at 7].[2]  Accordingly, there does not appear to be any risk that class members will be prejudiced by an expired statute of limitations.  *See LaVigne*, 2021 WL 4477921, at *4 (approving Rule 23(e) dismissal where "[n]either party appear[ed] to argue that the class members [would] face statute of limitations issues").  And finally, the voluntary dismissal of the class claims is without prejudice and does not bind class members, [Doc. 139 at 6], such that there is no concession of class interests in this case.[3] Accordingly, the Court finds that dismissal of the class claims under Rule 23(e) is appropriate.  *LaVigne*, 2021 WL 4477921, at *4.

   ***Notice to the Class Members is Not Necessary.***  Intervenors argue that Plaintiffs should be required provide notice about the settlement and dismissal to class members

---

[2] "The Lanham Act does not contain a statute of limitations.  In that circumstance courts either apply the most analogous state period of limitations, or they apply the equitable defense of laches."  *Mionix, LLC v. ACS Tech.*, No. 16-cv-02154-RBJ, 2018 WL 4042729, at *9 (D. Colo. Aug. 24, 2018) (citations omitted).

[3] The Motion to Dismiss and Intervenors' Response do not assert that this Court must decertify the preliminarily certified class prior to granting Plaintiffs' request to voluntarily dismiss the class claims.  [Doc. 139; Doc. 143].  The Court could locate no authority speaking to this issue.  Because "[t]he effect of a decertification order is to allow the absent class members to avoid being bound by the decision," 7AA Wright & Miller et al., Federal Practice & Procedure § 1785.4 (3d ed. 2023), and because the dismissal of the class claims is without prejudice and does not affect class members' rights to proceed in separate litigation, the Court finds that the voluntary dismissal of the class claims will effectively extinguish any preliminary class certification or preliminary appointment in this Court's prior Order.  As a result, the Court does not find decertification of the preliminarily certified class is necessary prior to dismissing this action.

"who may be relying on the class claims asserted through this action."  [Doc. 143 at 8].
They argue that although no formal notice about the proposed settlement was ever sent
out to class members, some class members may have heard about this case through the
media, and Plaintiffs should be required "to send notice to all restaurants who contacted
their counsel regarding the case" so as to "avoid prejudicing any restaurants who may be
relying on the class claims that received so much media attention upon the case's filing."
[*Id.*].

If the voluntary dismissal will bind class members, the Court must "direct notice to
in a reasonable manner to all class members" and may only approve such a proposal
after a hearing and upon finding that it is fair, reasonable, and adequate.  Fed. R. Civ. P.
23(e)(1)–(2).  However, if the voluntary dismissal of class claims is without prejudice and
will not bind class members, Rule 23(e)(2)'s notice requirement does not apply.  *See
LaVigne*, 2021 WL 4477921, at \*4; *Paulson v. Two Rivers Water & Farming Co.*, No. 19-
cv-02639-PAB-NYW, 2021 WL 2660789, at \*5 (D. Colo. June 29, 2021).

Furthermore, at the November 14, 2023 Status Conference, counsel for Plaintiffs
represented to the Court that they intend to, "as a matter of course," notify anyone who
has contacted counsel's firm about this case—i.e., Plaintiffs plan to move forward with
the specific notice requested by Intervenors.  Given this representation, and because
notice is not formally required under Rule 23(e)(2), the Court declines to formally order
any notice to class members in this case.  *See Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel.
Co.*, 93 F.R.D. 497, 503 (E.D. Pa. 1982) ("[G]iven my holding above that no prejudice to
the class will result from approving plaintiff's motion for voluntary dismissal, I hold that no
notice to the absent class members is necessary on the facts of this case.  Because the
policies of rule 23(e) would not be served by ordering notice in this case, it would truly be
exalting form over substance to force plaintiff to bear what is in my view a wholly
unnecessary burden.").

***Intervenors' Other Requests are Not Warranted.***  Intervenors also request that
the Court order Plaintiffs to "disclose their individual settlements and any other
agreements they or their counsel might have made with Grubhub" and to "produce all
documents concerning communications between the parties or their counsel."  [Doc. 143
at 10–11].  Intervenors argue that these measures are appropriate because (1) the Court
must inquire as to whether the settlement is collusive or prejudicial; and (2) "the record in
this case includes several indications that Plaintiffs and Grubhub may have colluded in
an effort to compromise class members' claims."  [*Id.*].  Intervenors direct the Court to no
specific authority that would permit this Court to order such discovery after the approval
of the voluntary dismissal and after termination of this case, relying instead on the Court's
"inherent powers" to "investigate and address potential bad faith or abuse of the judicial
process."  *See generally* [*id.* at 13–15].  Intervenors assert that "[b]y requiring Plaintiffs to
make a full disclosure of their dealings with Grubhub, the Court can assess whether the
parties willfully exploited the judicial process and can deter future litigants from engaging
in similar conduct."  [*Id.* at 15].

The Court does not find the requested relief necessary or appropriate and declines
to order it.  First, Intervenors direct the Court to no authority demonstrating that this sort

of relief would be appropriate in this case. Rule 23 permits the Court to "impose conditions on the representative parties or on intervenors," but only *"[i]n conducting an action* under" Rule 23. *See* Fed. R. Civ. P. 23(d)(1)(C) (emphasis added). After the Court's approval of the voluntary dismissal, this case will close, and the Court will no longer be "conducting an action" under Rule 23.

Furthermore, this Court previously declined to find that there is sufficient evidence of collusion in this case. *See* [Doc. 91 at 31–37]. Intervenors' belief that there was improper conduct or collusion does not form a basis for this Court to somehow retain jurisdiction over and order the production of discovery in a closed case—particularly when there is an ongoing judicial proceeding in the *Lynn Scott* case. Indeed, this case has been open for over three years, with several rounds of various briefing, and granting Intervenors' request would not serve the interest of judicial economy. *See* Fed. R. Civ. P. 1. For all of these reasons, the Court declines to order the relief requested by Intervenors.

For all of these reasons, **IT IS ORDERED** that:

(1)    Plaintiffs' Unopposed Motion for Voluntary Dismissal Pursuant to Rule 23(e) and Rule 41(a)(1)(A)(ii) [Doc. 139] is **GRANTED**;

(2)    The Stipulation of Voluntary Dismissal [Doc. 138], construed as a motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is **GRANTED**;

(3)    Plaintiffs' individual claims are **dismissed with prejudice**;

(4)    The class claims are **dismissed without prejudice**;

(5)    The Intervenors' Objection to Discovery Order Denying Their Motion for Leave to Take Limited Discovery [Doc. 116] is **OVERRULED as moot**;

(6)    Grubhub's Unopposed Motion to Decertify the Settlement Class and Vacate the Appointment of Settlement Class Representative and Settlement Class Counsel [Doc. 117] is **DENIED as moot**;

(7)    Intervenors' Motion to Transfer Venue to the Northern District of Illinois [Doc. 118] is **DENIED as moot**;

(8)    Intervenors' Motion to Appoint Gibbs Law Group LLP as Interim Class Counsel Under Rule 23(g)(3) [Doc. 119] is **DENIED as moot**; and

(9)    The Clerk of Court is directed to terminate this case.

DATED:  December 11, 2023